[No. 15969-8-III.　Division Three.　February 5, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. DEBRA SUE CONNERS, *Appellant*.

---

*Lorraine A. Parlange*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

SCHULTHEIS, C.J. — Debra Sue Conners received a standard range sentence for her conviction of possession of cocaine with intent to deliver. She also received a 24-month enhancement for committing the crime within 1,000 feet of a public school. On appeal, she contends the court violated her constitutional right to equal protection by imposing a much higher sentence on her than on her codefendant. She also challenges the court's imposition of the school zone enhancement and its refusal to apply the Drug Offender Sentencing Alternative (DOSA). We affirm.

Ms. Conners was convicted in a jury trial of one count of delivery of a controlled substance and one count of possession with intent to deliver, RCW 69.50.401. Her common-law husband and codefendant, Theodore Thompson,

pleaded guilty to one count of possession and received an exceptional sentence downward of 30 days. Ms. Conners, on the other hand, received a sentence of 36 months for each count, to run concurrently, plus a mandatory 24-month school zone enhancement.[1] Former RCW 9.94A.310(5); RCW 69.50.435.

Ms. Conners's first appeal to this court resulted in reversal of her conviction for delivery of a controlled substance. We remanded for resentencing on the remaining conviction. *State v. Conners*, No. 13503-9-III (Wash. Ct. App. Oct. 10, 1995), *review denied*, 128 Wn.2d 1021 (1996).

After reviewing the criminal files of Mr. Thompson and Ms. Conners, the presentence investigation of Ms. Conners, and the psychological reports on both codefendants, the trial court found that there was no basis to give Ms. Conners an exceptional sentence downward. Additionally, the trial court found that she had stipulated to the fact that the alleged crimes were committed within 1,000 feet of a public school. The court declined to apply DOSA to Ms. Conners because her crime involved large amounts of cocaine and there was no evidence that she needed treatment for an addiction. RCW 9.94A.120(6)(a). Ms. Conners had also argued equal protection required a sentence commensurate with her codefendant's. The court found that there was a rational basis for applying the low end of the standard range and imposed 21 months plus the 24-month school zone enhancement. This second appeal followed, challenging only the sentence.

■■ We begin by noting that a standard range sentence generally may not be appealed. RCW 9.94A.210(1); *State v. Mail*, 121 Wn.2d 707, 854 P.2d 1042 (1993). The only statu-

---

[1]At the first sentencing in 1993, the trial judge declined to apply the school zone enhancement because he found there was no "nexus" between Ms. Conners's crimes and the proximity of a school. After the State moved for modification of the sentence, the court noted that the enhancement was mandatory, Ms. Conners had stipulated that the alleged crimes were committed within 1,000 feet of a public school, and the jury found in special verdicts that the crimes were committed within the zone. The trial court amended the sentence to add the 24-month enhancement.

tory exception to this rule is a challenge that the trial court did not follow the specific procedure required by the Sentencing Reform Act of 1981. *Mail*, 121 Wn.2d at 711-12. Ms. Conners does not make such a challenge. She does, however, raise a constitutional issue. Even a standard range sentence may be challenged on equal protection grounds. *Mail*, 121 Wn.2d at 712-13; *State v. Herzog*, 112 Wn.2d 419, 423, 771 P.2d 739 (1989); *State v. McNeair*, 88 Wn. App. 331, 336, 944 P.2d 1099 (1997). Although Ms. Conners did not raise the issue of her sentence in her first appeal, we have discretion to review it now because the trial court reviewed and ruled on this issue on remand. RAP 2.5(c)(1); *State v. Barberio*, 121 Wn.2d 48, 50-51, 846 P.2d 519 (1993).

■ ■ The basis of Ms. Conners's constitutional argument is that her equal protection rights were violated when she received a standard range sentence but her codefendant received an exceptional sentence downward. In the context of sentencing codefendants, courts apply two tests for equal protection purposes: (1) Has the defendant established that he or she is the member of the same "class" as the codefendant, and (2) is the defendant a member of a suspect class? *State v. Handley*, 115 Wn.2d 275, 290-91, 796 P.2d 1266 (1990). The trial court found that Ms. Conners is a member of the same class as her codefendant and this finding is not disputed. Her class—drug offenders with no prior offenses—is neither suspect nor semisuspect. *See McNeair*, 88 Wn. App. at 340 (no authority to support an argument that drug offenders with prior felony convictions are members of a suspect or semisuspect class). Accordingly, we ask whether there is a rational basis for the disparate sentences. *Handley*, 115 Wn.2d at 292.

■ A trial court is justified in imposing disparate sentences to codefendants based on relative culpability, criminal record, rehabilitation potential, cooperation with law enforcement and differences in pleas. *Handley*, 115 Wn.2d at 292 (citing *People v. Centanni*, 164 Ill. App. 3d 480, 493, 517 N.E.2d 1207, 115 Ill. Dec. 521 (1987)). Ms. Conners's sentencing court found that Mr. Thompson's exceptional

sentence was based on a finding that he was not the "kingpin" in the drug operation and that he was directed by Ms. Conners. Mr. Thompson also cooperated with the prosecution and pleaded guilty. These factors differentiated the codefendants sufficiently to rationally justify their disparate sentences.

■ ■ As for the school zone enhancement, Ms. Conners was informed in the information and the amended information that the State was charging her with commission of the crimes within 1,000 feet of a public school. RCW 69.50.435. Through counsel, she stipulated at trial that her house, the site of the crime, is "within a thousand feet of a school." Although she complains in her pro se brief that her counsel did not confer with her before stipulating to that fact, she had ample opportunity to object during the trial and does not raise an ineffective assistance of counsel issue on appeal. Findings of fact undisputed at trial are verities on appeal. *State v. Alexander*, 125 Wn.2d 717, 723, 888 P.2d 1169 (1995). The trial court did not err in imposing the 24-month school zone enhancement. Former RCW 9.94A.310(5); RCW 69.50.435; *State v. Lua*, 62 Wn. App. 34, 43, 813 P.2d 588, *review denied*, 117 Wn.2d 1025 (1991).

Finally, Ms. Conners contends the trial court erred in refusing to apply a reduced sentence pursuant to DOSA, RCW 9.94A.120(6)(a). The special drug offender sentencing alternative may be applied in the discretion of the trial court if, among other factors, the offender is convicted of possession with intent to deliver a controlled substance, the offender has no prior felony convictions, and the offense involved only a small quantity of controlled substance. RCW 9.94A.120(6)(a). The purpose of the DOSA act is to provide "treatment-oriented sentences" for drug offenders. LAWS OF 1995, ch. 108.

■ Ms. Conners's assertion that she should have received a reduced DOSA term is without merit. First, a court's decision to impose a standard range sentence and not to apply DOSA is not reviewable. *See State v. J.W.*, 84 Wn. App. 808, 811-12, 929 P.2d 1197 (1997) (a court's deci-

54

sion to impose a standard range sentence rather than a special sex offender disposition alternative term is not reviewable). Second, Ms. Conners was convicted of possessing more than 35 grams of cocaine and flushing more down the toilet. This and the fact that there is no evidence she actually used cocaine herself support the trial court's decision that she was not eligible for a DOSA sentence.

Affirmed.

BROWN and KATO, JJ., concur.

Review denied at 136 Wn.2d 1004 (1998).