[Nos. 19453-1-III; 20366-2-III.   Division Three.   June 18, 2002.]

THE STATE OF WASHINGTON, *Appellant*, v. DARIN FRANK WILLIAMS, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. JOSEPH EDWARD TOMASZYCHI, *Respondent*.

*Andrew K. Miller, Prosecuting Attorney*, and *Terry J. Bloor, Deputy*, for appellant.

*Kevin L. Holt*, for respondent Williams.

*Craig Stilwill*, for respondent Tomaszychi.

BROWN, C.J. — In unrelated prosecutions, Darin F. Williams and Joseph E. Tomaszychi pleaded guilty to controlled substance offenses. In both cases, the trial court imposed Drug Offender Sentencing Alternative (DOSA) sentences over the State's objection. The State appealed. We linked the cases due to common issues. We hold for the first time that the State may not appeal a DOSA sentencing as a matter of right under RAP 2.2(b)(6), but may seek discretionary review under RAP 2.3. Grounds do not exist to support discretionary review in either case. Accordingly, the DOSA sentencing in each case is affirmed.

## FACTS

### Mr. Williams

The State filed an information on July 27, 1999 charging Mr. Williams with manufacturing methamphetamine in Benton County on July 22. On July 25, a revised DOSA

sentencing law, RCW 9.94A.660, became effective.[1] The State objected to the application of the new law to Mr. Williams. Mr. Williams argued the State was precluded from contesting the DOSA sentence due to certain plea negotiations.

In May 2000, the State amended the information by giving a school bus route stop allegation notice, adding one count of methamphetamine delivery occurring June 2, 1999, and adding one count of methamphetamine possession occurring May 12, 2000. Mr. Williams pleaded guilty to all three counts.

Defense counsel indicated the plea offer discussed with the deputy prosecutor was for a 108-month recommendation with deletion of the 24-month enhancement, but the elected prosecutor refused. Mr. Williams suggested disregarding the enhancement, ordering an exceptional 108-month sentence, and granting DOSA.

Later in the hearing, the deputy prosecutor objected to DOSA sentencing on grounds that the DOSA law previous to the then effective 1999 amendments would exclude Mr. Williams from receiving a DOSA sentence. The sentencing court indicated it would prefer to find Mr. Williams eligible for DOSA but could not decide on the matter until the Department of Corrections (DOC) submitted a presentence investigation report (PSI). Pending receipt of the PSI, Mr. Williams and the State filed opposing memorandums on DOSA eligibility.

Because the court had not ordered a DOSA evaluation, the PSI writer indicated he could not consider DOSA. Nevertheless, the PSI writer indicated if the trial court did consider DOSA, Mr. Williams' possession of one-and-one-half pounds of extracted ephedrine, a methamphetamine precursor, should be viewed as a factor in the context of the

---

[1] At the time of sentencing for both Mr. Williams and Mr. Tomaszychi, the DOSA statute was codified as RCW 9.94A.120(6). Effective July 1, 2001, the Legislature recodified the DOSA statute as RCW 9.94A.660. LAWS OF 2000, ch. 28 § 19. Because the recodified statute does not materially differ from the former version for purposes of this appeal, we utilize the new code number to facilitate understanding.

"small quantity" language of the law's guidelines, together with the other items seized from Mr. Williams' apartment. Clerk's Papers (CP) at 45.

At the sentencing hearing, the following colloquy took place:

> The State: We did agree not to appeal an exceptional sentence, if the Court imposes that, but there is no agreement that we wouldn't appeal the third [sic] offender sentencing alternative.
>
> The Court: Also, the Department of Corrections, will have something to say about whatever sentence is imposed and they may challenge the DOSA sentence.

Report of Proceedings (July 14, 2000) at 7.

The trial court imposed a DOSA sentence of 75 months confinement, the middle of the total standard range, including the school bus enhancement. The State appealed. Mr. Williams did not cross-appeal the sentence, however, he contends here that the State breached the plea agreement.

## Mr. Tomaszychi

On February 12, 2001, the State filed an information charging Mr. Tomaszychi with possessing ephedrine or pseudoephedrine with intent to manufacture methamphetamine during January 25 to February 7, 2001.

On April 3, 2001, Mr. Tomaszychi signed a guilty plea statement partly providing the State would recommend a sentence of 36 months and stating the State would "not object to defendant arguing for DOSA." CP at 22. The trial court accepted the plea. At the plea hearing, defense counsel indicated on the record Mr. Tomaszychi's desire for a DOSA sentence. The State did not then object.

Later, the PSI writer partly opined Mr. Tomaszychi "is not believed to be eligible for DOSA due to the quantity of ephedrine that was seized, 86.5 grams." CP at 17. The writer reasoned the ephedrine "could amount to over 60 grams of methamphetamine" with "a street value of over $2,500.00." CP at 17.

At the June 20, 2001 sentencing hearing, the State, relying on the PSI, argued against a DOSA sentence, even though it promised in the plea agreement not to do so. The sentencing court granted the DOSA, setting the sentence at the midpoint of the standard range. The State unsuccessfully moved for reconsideration of the DOSA sentencing, then appealed. Mr. Tomaszychi did not cross-appeal his sentence, nor has he argued that the State's argument against a DOSA sentence breached the plea agreement.

## ANALYSIS

### A. State's Avenues of Review for DOSA Sentencing

This unique issue is whether the State can appeal a trial court's adverse sentencing decision deciding DOSA eligibility as a matter of right under RAP 2.2(b)(6).

Interpretation of a court rule is a question of law reviewed de novo. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001); *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997). The reviewing court interprets a court rule like a statute. *City of Bellevue v. Hellenthal*, 144 Wn.2d 425, 431, 28 P.3d 744 (2001). Thus, we focus on ascertaining and carrying out the drafter's intent. *Id*. If the rule's text is clear on its face, we rely on and give effect to the plain language and meaning of the rule. *Id*. On the other hand, if the rule is ambiguous, we resort to legislative history and other sources to construe the rule. *Id*. at 432.

RAP 2.2(b) limits the State's criminal appeal rights to specified circumstances. Regarding sentencing, the State may appeal: "A sentence in a criminal case which is outside the standard range for the offense or which the state or local government believes involves a miscalculation of the standard range." RAP 2.2(b)(6). Under RCW 9.94A.660(2), a DOSA sentence is split evenly between incarceration and community custody based upon the midpoint of the total standard range. Here, the trial court adopted the standard range proposed by the State. Under these circumstances,

the State cannot rely on RAP 2.2(b) to support a direct appeal. As discussed, a DOSA sentence is always within the standard range because it is always based upon the mid-point of the standard range.

Moreover, a trial court has discretion to grant DOSA under RCW 9.94A.660. A trial court's decision to impose a standard range sentence instead of DOSA is not reviewable. *State v. Conners*, 90 Wn. App. 48, 53, 950 P.2d 519 (1998).

Given the above, we hold for the first time that a dispute regarding a defendant's eligibility for DOSA is not properly reviewed under RAP 2.2(b)(6). "Although the State does not have the right to appeal the order dismissing its petition, its notice of appeal may be given the same effect as a notice for discretionary review." *In re Welfare of Watson*, 23 Wn. App. 21, 23, 594 P.2d 947 (1979) (citing RAP 5.1(c)). Accordingly, we may consider this matter solely under the discretionary standards found in RAP 2.3.

We note, using RAP 16.18 in a postsentencing context, DOC can seek review of an inappropriate retroactive DOSA application under the 1999 amendment. *In re Sentence of Holt*, 105 Wn. App. 619, 620, 20 P.3d 1033 (2001). We also note that, without specifying the particular rule permitting review, Divisions One and Two of this court have held the 1999 DOSA amendment did not apply retroactively. *See State v. Toney*, 103 Wn. App. 862, 864, 14 P.3d 826 (2000) (Division Two); *State v. Kane*, 101 Wn. App. 607, 610, 5 P.3d 741 (2000) (Division One).

In any event, our review of this record leads us to conclude discretionary review is inappropriate under the circumstances presented in Mr. Williams' case for the issue of the retroactive application of the 1999 DOSA amend-ments. At the time of Mr. Williams' sentencing, the 1999 DOSA amendments had been applicable for about one month. Mr. Williams' crimes took place just days before the amendment became effective. *Holt*, *Kane*, and *Toney* were all later decided and not available to the sentencing court.

In light of these circumstances, we cannot say the supe-rior court committed an obvious error, the State's main

contention, when faced with the then undecided issue of retroactivity. RAP 2.3(b)(1). On the other hand, for both Mr. Williams and Mr. Tomaszychi, whether or not the sentencing court committed obvious error when deciding the quantity of drugs involved did not preclude a DOSA sentence requires a fuller discussion.

### B. Small Quantity Limitation

The issue is whether the trial court committed an obvious error when granting DOSA sentences for Mr. Williams and Mr. Tomaszychi, over the State's objection that the amount of drug involved in each case exceeded the "small quantity" limitation of RCW 9.94A.660(1)(c).

The DOSA statute applies if, among other factors, the defendant's offense "involved only a small quantity of the particular controlled substance as determined by the judge upon consideration of such factors as the weight, purity, packaging, sale price, and street value of the controlled substance." RCW 9.94A.660(1)(c). Our research reveals no bright-line rule exists under the DOSA statute regarding what is a "small quantity." The sentencing judge considers such factors as "weight, purity, packaging, sale price, and street value" in determining whether the offense involved a "small quantity of the particular controlled substance." RCW 9.94A.660(1)(c). Accordingly, DOSA eligibility depends on the facts of each case.

Given the language of the DOSA statute stating a court "may" impose DOSA if the statutory factors warrant it, we adopt the abuse of discretion standard for reviewing DOSA eligibility determinations. RCW 9.94A.660(2); *see also Conners*, 90 Wn. App. at 53 (stating DOSA "may be applied in the discretion of the trial court" provided statutory factors apply). An abuse of discretion occurs if the sentencing court's decision is manifestly unreasonable or based upon untenable grounds or reasons. *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997). Stated another way, an abuse of discretion occurs when no reasonable person

would adopt the trial court's view of the issue. *State v. Castellanos*, 132 Wn.2d 94, 97, 935 P.2d 1353 (1997).

First, it appears ephedrine is not a separately listed "controlled substance" under article II of chapter 69.50 RCW. While RCW 69.50.206(d)(2) and RCW 69.50.206(g)(1) are relevant to whether ephedrine is an immediate precursor to amphetamine and methamphetamine and thereby a controlled substance, this makes problematic the State's argument that the ephedrine encountered in these cases should clearly preclude DOSA sentencing. Further, we could find no recorded cases discussing extracted ephedrine in the context of whether a DOSA sentence is appropriate. Ephedrine is, however, criminalized when possessed with intent to manufacture methamphetamine. *See* RCW 9.94A-.660(1)(c), RCW 69.50.101(d), .206(d)(2), .206(g)(1), .440.

Second, the sentencing court clearly possesses discretion in deciding just what is a small quantity in context with "weight, purity, packaging, sale price, and street value" when considering the small quantity issue. RCW 9.94A.660(1)(c). While the State makes a reasonable argument that the quantities here may be considered large, our question insofar as whether discretionary review is merited is whether any error is obvious. In this connection, we could find no recorded cases discussing extracted ephedrine in the context of whether DOSA is appropriate. Neither could we find any cases discussing what exactly is a large quantity of ephedrine. Complicating our inquiry, the record provided us does not contain specific information regarding how the trial court balanced the quantity in light of the other factors listed in RCW 9.94A.660(1)(c).

Given the above, we are not prepared on this record to say the trial court clearly abused its discretion or committed other obvious error when deciding to grant DOSA sentences over the State's objection that more than a small quantity of a controlled substance was involved. Accordingly, we decline to accept review. RAP 2.3. Our decision makes it

unnecessary to discuss whether the State violated its plea agreement with either appellant.

## CONCLUSION

The State may not as a matter of right appeal under RAP 2.2(b)(6) a trial court's exercise of discretion when deciding eligibility for a DOSA sentence. Under the standards for discretionary review, in light of the circumstances presented, the trial court did not commit obvious error meriting discretionary review in either case.

Affirmed.

SWEENEY and KATO, JJ., concur.