97 P.3d 34 (2004)
123 Wn.App 106
STATE of Washington, Respondent,
v.
Steven Paul WHITE, Appellant.
No. 22195-4-III.
Court of Appeals of Washington, Division 3, Panel One.
September 2, 2004.
*35 William D. Edelblute, Attorney at Law, Spokane, WA, for Appellant.
Kevin M. Korsmo, Andrew J. Metts, Deputy Prosecuting Attorneys, Spokane, WA, for Respondent.
BROWN, J.
Because of an offender score problem, this court vacated and remanded Steven White's 2001 sentence arising from a trial on combined felony and misdemeanor charges. Originally, the trial court included a Drug Offender Sentencing Alternative (DOSA), but on remand it declined to grant a DOSA sentencing. Originally, the trial court granted concurrent sentencing for the misdemeanor convictions without separate probation terms, but on remand it added probation terms to the misdemeanor portion of Mr. White's sentence. On appeal, Mr. White first contends the trial court was collaterally estopped to add the probation. Second, Mr. White contends collateral estoppel principles also required the trial court to again grant him a DOSA sentencing, and the failure was an abuse of discretion. We affirm.

FACTS
In a combined 2001 jury trial under one case number, Mr. White was found guilty of three felonies, a gross misdemeanor, and a *36 misdemeanor. The trial court granted a DOSA, but imposed an exceptional sentence upward by imposing consecutive mid-standard range sentences on the three felonies resulting in 50.5 months of total confinement. After a combined sentencing hearing, the trial court entered separate judgment and sentence forms for the felonies and non-felonies, ordering Mr. White to serve his misdemeanor time concurrently with his felony time without separate probation provisions. In Mr. White's prior appeal he pointed out an offender score problem, resulting in a remand for resentencing. State v. White, noted at 114 Wash.App. 1051, 2002 WL 31697928, review denied sub nom, State v. Dean, 149 Wash.2d 1009, 67 P.3d 1097 (2003).
At the 2003 resentencing, both parties agreed on an offender score of "9," with a standard range of 43 to 57 months for the first degree stolen property conviction and 22 to 29 months each for possessing methamphetamine and attempting to elude a police vehicle. The deputy prosecutor stated: "He is still looking at the same time relating to the misdemeanor and gross misdemeanor." Report of Proceedings (RP) at 3.
The State recommended against a DOSA, noting Mr. White's infractions while in prison and continued use of drugs in prison after a treatment program. The State asked for a high-end, 57-month sentence and recommended consecutive probationary periods of 24 months on the gross misdemeanor and 12 months on the misdemeanor. The trial court asked the State if there was community custody or community placement under the felony convictions. The deputy prosecutor replied: "There isn't any community supervision under the felonies. So the Court would need to go on the misdemeanors to provide that." RP at 7.
In reply, defense counsel argued: "Regarding the misdemeanor sentences, those weren't appealed by either party. And sentences on those counts I guess weren't changed by the court of appeals. It was only the sentencing on the felony charges that would change." RP at 7. Mr. White again asked for a DOSA. The trial court reasoned generally that the prior appeal vacated both the interrelated felony and misdemeanor sentences, placing both matters before the court.
Alluding to Mr. White's subsequent prison difficulties, the trial court declined to grant a DOSA and imposed concurrent sentences of 57 months on the stolen property conviction, and 29 months on each of the other two felony convictions. Then, the court re-imposed the non-felony sentences, but added 36 months of consecutive probation. The trial court entered consistent judgment and sentence forms, and findings of fact and conclusions of law. Mr. White appealed.

ANALYSIS

A. Probation Terms
The issue is whether collateral estoppel barred the trial court from adding probation to the prior misdemeanor and gross misdemeanor sentencing.
"The doctrine of collateral estoppel is embodied in the fifth amendment to the United States Constitution guaranty against double jeopardy." State v. Tili, 148 Wash.2d 350, 360, 60 P.3d 1192 (2003) (citing Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). "Collateral estoppel (or issue preclusion) `means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" Tili, 148 Wash.2d at 360, 60 P.3d 1192 (citing Ashe, 397 U.S. at 443, 90 S.Ct. 1189).
The party claiming collateral estoppel must establish:
(1) the issue in the prior adjudication must be identical to the issue currently presented for review, (2) the prior adjudication must be a final judgment on the merits, (3) the party against whom the doctrine is asserted must have been a party or in privity with a party to the prior adjudication, and (4) barring the relitigation of the issue will not work an injustice on the party against whom the doctrine is applied.
State v. Harrison, 148 Wash.2d 550, 561, 61 P.3d 1104 (2003) (citing Nielson v. Spanaway Gen. Med. Clinic, Inc., 135 Wash.2d 255, 262-63, 956 P.2d 312 (1998)).
*37 Collateral estoppel applies in criminal cases, but not necessarily in cases where an appellate court vacates and remands a sentence. See Harrison, 148 Wash.2d at 561-62, 61 P.3d 1104. Mr. White relies on State v. Collicott, 118 Wash.2d 649, 657-58, 827 P.2d 263 (1992), which contains dicta providing where a trial court declines to impose an exceptional sentence at the original sentencing, that court is barred from imposing an exceptional sentence on remand. The Harrison court declined to follow the Collicott dicta when it reasoned that a court could consider an exceptional sentence upon remand from breach of a plea agreement. Harrison, 148 Wash.2d at 560-62, 61 P.3d 1104.
In Harrison, the first sentencing hearing resulted in an exceptional sentence consisting of two consecutive sentences. Id. at 554-55, 61 P.3d 1104. Mr. Harrison successfully appealed based upon a plea breach. Id. at 555, 61 P.3d 1104. On remand, the sentencing court would not entertain Mr. Harrison's argument against an exceptional sentence, relying on collateral estoppel and the law of the case doctrine. Id. at 555-56, 61 P.3d 1104. The Supreme Court reversed, deciding neither collateral estoppel nor the law of the case doctrine applied. Id. at 560-63, 61 P.3d 1104. In doing so, the Harrison Court held "collateral estoppel does not apply because the original sentence no longer exists as a final judgment on the merits." Id. at 561, 61 P.3d 1104 (citing Nielson, 135 Wash.2d at 262-63, 956 P.2d 312).
Here, the same reasoning applies. In one combined trial under a single cause number, the State successfully tried Mr. White for three felonies and two non-felonies. At the combined sentencing, the trial court merely used different sentencing forms to reflect the felony level and non-felony level sentences. The non-felony sentencing and the felony sentencing were interrelated and concurrent with each other. Even though the offender score problem was the sole issue considered in the prior appeal, our remand applied to the entire outcome of the combined trial.
This court concluded: "Since Mr. White's offender score was miscalculated, we must reverse Mr. White's sentence and remand for further sentencing proceedings." White, 114 Wash.App. 1051, 2002 WL 31697928, at *2 (emphasis added). Mr. White's sentence was merely documented on separate sentencing forms related to the different crime levels. In other words, solely one case is before us.
Given our reasoning this far, we do not discuss the State's double jeopardy arguments under State v. Larson, 56 Wash.App. 323, 783 P.2d 1093 (1989). In passing, we note the Larson court's reasoning, "[w]hen the defendant appeals, the guaranty against double jeopardy requires only that time served on a previous sentence be fully credited toward any new sentence for the same offense," Id. at 329, 783 P.2d 1093 (citing North Carolina v. Pearce, 395 U.S. 711, 718-20, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)) (emphasis added). The Larson error affected all three convictions. See id. at 325-26, 783 P.2d 1093. Thus, a trial court can increase, or decrease, a sentence on remand to correct an erroneously imposed sentence. See id. at 329-33, 783 P.2d 1093.
In sum, Mr. White's underlying assumption is incorrect. The 2001 trial court entered one sentence arising from a single information and trial, and not two sentences from two trials. Accordingly, the trial court did not err in its resentencing when it considered both the felony and non-felony convictions together.

B. DOSA Sentencing Discretion
The issue is whether the trial court erred in declining to impose DOSA again on remand based upon an abuse of its sentencing discretion or by violating collateral estoppel principles.
Review of DOSA rulings is not automatic. A DOSA is a form of standard range sentence consisting of total confinement for one-half of the mid-standard range followed by community supervision. RCW 9.94A.660(2); State v. Smith, 118 Wash.App. 288, 292, 75 P.3d 986 (2003). "Generally, a standard range sentence, of which a DOSA is an alternative form, may not be appealed." Smith, 118 Wash.App. at 292, 75 P.3d 986 (citing State v. Williams, 149 Wash.2d 143, 146, 65 P.3d 1214 (2003)).
"However, this prohibition does not bar a party's right to challenge the underlying legal conclusions and determinations by which a court comes to apply a particular *38 sentencing provision." Williams, 149 Wash.2d at 147, 65 P.3d 1214 (citing State v. Mail, 121 Wash.2d 707, 712, 854 P.2d 1042 (1993)); see also Smith, 118 Wash.App. at 292, 75 P.3d 986. "Thus, it is well established that appellate review is still available for the correction of legal errors or abuses of discretion in the determination of what sentence applies." Williams, 149 Wash.2d at 147, 65 P.3d 1214 (citing State v. Ford, 137 Wash.2d 472, 479, 973 P.2d 452 (1999); State v. Herzog, 112 Wash.2d 419, 423, 771 P.2d 739 (1989); State v. Channon, 105 Wash.App. 869, 876, 20 P.3d 476 (2001)); see also State v. Conners, 90 Wash.App. 48, 52, 950 P.2d 519 (1998) (DOSA ruling may be challenged on constitutional grounds).
Collateral estoppel does not apply because this court's reversal and remand of the felony sentence wiped that slate clean. See State v. Harrison, 148 Wash.2d 550, 561-62, 61 P.3d 1104 (2003) ("the original sentence no longer exists as a final judgment on the merits.") Id. at 561, 61 P.3d 1104 (citing Nielson v. Spanaway Gen. Med. Clinic, Inc., 135 Wash.2d 255, 262-63, 956 P.2d 312 (1998)). Mr. White has not cited any authority prohibiting the trial court from revisiting the appropriateness of a DOSA on remand.
Mr. White contends the trial court abused its discretion in not again granting a DOSA. A trial court abuses its discretion when it can be said no reasonable person would adopt the trial court's view. State v. Castellanos, 132 Wash.2d 94, 97, 935 P.2d 1353 (1997). Stated another way, a trial court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds or reasons. State v. Stenson, 132 Wash.2d 668, 701, 940 P.2d 1239 (1997).
In sum, the trial court denied the DOSA request because it "had some reservations previously." RP at 12. The trial court alluded to Mr. White's troubling infraction record in prison.[1] The trial court considered Mr. White's infractions and an instance of drug abuse in prison occurring after his completion of a treatment program. These facts support the trial court's exercise of discretion even though the facts occurred subsequent to the prior sentencing. Further, the trial court decides whether a DOSA will benefit both the offender and the community. RCW 9.94A.660(2). Considering the court's remarks about Mr. White's admitted prison infractions, the trial court did not resolve this concern in Mr. White's favor. The trial court did not err.

C. Vindictiveness
Pro se, Mr. White speculates his prior successful appeal caused the trial court or prosecutor to punish him on remand. He merely points to the difference between his first and second sentencing without supporting facts. This is insufficient.
The trial court retained broad discretion to impose a sentence within the standard range in accordance with the correct offender score. See State v. Barberio, 66 Wash.App. 902, 908, 833 P.2d 459 (1992), aff'd, 121 Wash.2d 48, 846 P.2d 519 (1993). No evidence shows the trial court acted vindictively in declining to impose DOSA. Instead, the record suggests the trial court believed Mr. White was a poor DOSA candidate.
Similarly, no evidence shows the prosecutor acted vindictively. Rather, the prosecutor highlighted Mr. White's infraction history as a reason to not impose DOSA on remand. Mr. White's sentence using the proper offender score was not so much greater than the earlier sentence (50.5 months total confinement versus 57 months total confinement) to suggest a reasonable likelihood of vindictiveness. See State v. Korum, 120 Wash.App. 686, 86 P.3d 166, 177-78 (2004) (discussing prosecutorial vindictiveness in the plea bargaining context).
Affirmed.
WE CONCUR: KATO, C.J., and SWEENEY, J.
NOTES
[1] In his reply brief, Mr. White alleges for the first time that he was entitled to an evidentiary hearing on his infraction history. RCW 9.94A.530(2). We will not consider an issue raised for the first time in a reply brief. Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 809, 828 P.2d 549 (1992).