# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 70714-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DEREK CARTMELL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 17, 2014 |
| | ) | |

LAU, J. — Derek Cartmell appeals his conviction for bail jumping. He contends that the information was constitutionally defective because it failed to inform him of an essential element of bail jumping. He also alleges that the trial court failed to exercise its discretion when it imposed a standard range sentence following his request for the drug offender sentencing alternative (DOSA). Finally, he raises a number of issues in a statement of additional grounds. Because the information included all the essential elements, the trial court properly exercised its discretion, and Cartmell established no error in his statement of additional grounds, we affirm.

## FACTS

Derek Cartmell was charged with possession of a stolen vehicle, attempting to elude a pursuing police vehicle, possession of methamphetamine, and hit and run

(property damage) based on a 2012 incident. A month later, Cartmell signed a scheduling order notifying him of his obligation to appear for a jury trial on January 29, 2013 at 8:30 A.M. He failed to appear for trial. The State charged Cartmell by information with one count of bail jumping for his failure to appear for his jury trial on the 2012 case. The jury convicted Cartmell on this charge.[1]

At sentencing, the State recommended a high end standard range sentence of 60 months. The State also recommended that this sentence run consecutively to the prior 57-month sentence imposed on the 2012 case. The State argued that Cartmell's 12 prior felony convictions and the facts of the bail jumping case warranted a consecutive sentence. The State also argued that a concurrent sentence on the bail jumping conviction would only add three months to Cartmell's total term of confinement. It noted Cartmell's offender score of 12 meant 3 points would go unpunished.

Cartmell requested a DOSA based on his drug addiction and lack of other treatment options. The State acknowledged Cartmell's DOSA eligibility, but it opposed the request based on similar reasons that supported its high end, consecutive sentence recommendation. The State further voiced concern that Cartmell's 57-month non-DOSA sentence in the 2012 case may render a DOSA impractical.

The court agreed with the State's recommendation. It imposed a 60-month term of confinement and ordered this sentence to run consecutive to the prior 57-month sentence on the 2012 case. The court explained its reasons to Cartmell:

> However, you have quite an extensive felony history record and your point system already takes you up to nine. But I mean—excuse me, the schedule doesn't go past nine, and your point system is up to 12. So I think that's the

---

[1] Cartmell represented himself at trial and the sentencing hearing.

aggravating factor, because the standard sentence range does not fully consider your complete offender score.

So I agree with the prosecutor to that extent, that 60 months in custody, consecutively to the Island County Superior Court Case No. 12-1-00250-0, with all of the standard fines, fees, assessments.

. . .

So I will make that as the sentence here, sir. I wish you had been eligible for drug court. I think you could have done well there. But for one reason or another you weren't eligible for drug court. There's not much I can do about the lack of services in prison. Thank you.

RP at 11 (emphasis added).

## ANALYSIS

### Information—Essential Elements

Cartmell argues, "[T]he information is constitutionally deficient because it failed to specify the essential element of knowledge."[2] Appellant's Br. at 14. He contends the information must specify "at what date or time he was required to be in court." Appellant's Br. at 15.

The information states:

> COUNT I—Bail Jumping
> On or about the 29th day of January, 2013, in the County of Island, State of Washington, the above-named Defendant, having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before a court of this state or of the requirement to report to a correctional facility for service of sentence, did fail to appear or did fail to surrender for service of sentence in which a Class B or Class C felony has been filed, to-wit: Island County Superior Court Cause No. Island County Superior Court No. 12-1-00250-0; contrary to Revised Code of Washington 9A.76.170.

---

[2] We note that Cartmell's brief quotes only portions of the information in support of his essential elements claim:

> COUNT I – Bail Jumping:
> On or about the 29th day of January, 2013, in the County of Island, State of Washington, the above-named Defendant, having been released by court order or admitted to bail with knowledge of the requirements of a subsequent personal appearance before a court of this state . . . did fail to appear.

Appellant's Br. at 15.

(Maximum Penalty (Failure to appear in Class B or Class C felony case)—Five (5) years imprisonment and/or a $10,000 fine pursuant to RCW 9A.76.170 and RCW 9A.20.021(1)(c), plus restitution and assessments.)

A charging document must allege facts that support every element of the offense charged and must adequately identify the crime charged. State v. Williams, 162 Wn.2d 177, 183, 170 P.3d 30 (2007). The purpose of this rule is to give the accused proper notice of the nature of the crime so that the accused can prepare an adequate defense. Williams, 162 Wn.2d at 183 (citing State v. Kjorsvik, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991)). A charging document satisfies these requirements when it states all the essential elements of the crime charged. Kjorsvik, 117 Wn.2d at 97. A challenge to the sufficiency of the charging document is reviewed de novo. State v. Campbell, 125 Wn.2d 797, 801, 888 P.2d 1185 (1995). Where, as here, the defendant challenges the sufficiency of the information for the first time on appeal, the test for sufficiency is a liberal one: "(1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the [u]nartful language which caused a lack of notice?" Kjorsvik, 117 Wn.2d at 105-06.

A person commits bail jumping when, having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before a court, he fails to appear. RCW 9A.76.170(1). Thus, the three essential elements of bail jumping include (1) the defendant was held for, charged with, or convicted of a particular crime; (2) the defendant was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and (3) the defendant knowingly failed to appear as required. Williams, 162 Wn.2d at 183-84.

Cartmell acknowledges that the information "informed Mr. Cartmell that he was released by a court order or admitted to bail with knowledge of the requirement to appear . . . ." Appellant's Br. at 15. Contrary to Cartmell's argument, the information expressly includes the knowledge element. He also contends, with no citation to authority, that the information must also specify the hearing date and time, how and when he had been notified of the requirement to appear, and "that he had either actual or constructive knowledge that his trial date was scheduled to begin at precisely 8:30 A.M. on January 29, 2013." Appellant's Br. at 16. Cartmell cites no authority for this unique assertion. "'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.'" See State v. Logan, 102 Wn. App. 907, 911 n.1, 10 P.3d 504 (2000) (quoting DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

To the contrary, our case law indicates that the information satisfies the essential elements requirement because it mirrors the language of the bail jumping statute. It is sufficient to charge in the language of the statute if the statute defines the offense with certainty. Kjorsvik, 117 Wn.2d at 99.

When a charging document contains the essential elements, the conviction must be upheld unless the defendant shows prejudice. Kjorsvik, 117 Wn.2d at 105-06. Cartmell fails to address prejudice, and we perceive none. Cartmell fails to establish an essential elements violation or prejudice.

## Drug Offender Sentencing Alternative (DOSA)

Generally, a reviewing court will not reverse a trial court's decision not to grant a DOSA sentence. State v. Grayson, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005) (citing RCW 9.94A.585(1)). Every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative considered. Grayson, 154 Wn.2d at 342. A defendant is entitled to a review of the denial of a DOSA request in order to correct a legal error or the trial court's abuse of discretion. State v. Williams, 149 Wn.2d 143, 147, 65 P.3d 1214 (2003). A trial court abuses its discretion by refusing to exercise its discretion or by relying on an impermissible basis for its sentencing decision. State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).

But while the eligibility requirements are statutorily defined, a court's determination of the appropriateness of an alternative sentence is discretionary and not reviewable. State v. Conners, 90 Wn. App. 48, 53-54, 950 P.2d 519 (1998).

Cartmell contends that the trial court "abused its discretion by relying on an improper and erroneous basis in denying a DOSA and imposing a standard range sentence." Appellant's Br. at 12. He claims that the court relied on the State's incorrect assertion that his 57-month non-DOSA sentence disqualified him from a DOSA. Appellant's Br. at 5. This contention is not supported by the record.

The court considered Cartmell's request but declined to order a DOSA given Cartmell's well documented, extensive felony criminal history and offender score of 12. The court referred to this fact as the "aggravating factor" because it yields a standard range that fails to account for Cartmell's offender score of 12.

Cartmell also argues that the court's reference to "drug court" reveals that it misunderstood the DOSA requirements. But viewed in the context of Cartmell's remarks, the court's "drug court" remarks merely respond to Cartmell's complaints about the lack of treatment options available to him:

> I did not get convicted for another felony for over eight years after that. My next felonies were for methamphetamine and stolen property. Both times I pleaded for treatment to no avail.
>
> . . . .
>
> I am a drug addict that needs help with the underlying problems that lead me to make the decisions that I make. Like I said previously, the last two times I went to prison there was no treatment offered to me. I want to get help for my mental health problems and my drug addiction so I can be a productive member of society.
>
> The only way to get into the programs that the Department of Corrections offers for sure is to be sentenced to DOSA. I ask the Court to consider sentencing under a concurrent DOSA sentence with my other charge. I feel that is just punishment and I will be able to get the help I desperately need.

RP (July 1, 2013) at 7-9.

The record fails to establish either the court's categorical refusal to exercise its discretion or an impermissible basis for the refusal to impose a DOSA. Cartmell's sentencing challenge fails.

Statement of Additional Grounds for Review

Cartmell raises additional arguments in a pro se statement of additional grounds.

Cartmell argues the trial court erred when it denied him access to a secure telephone line, access to a computer for legal research, and funds for a personal investigator. The Washington Constitution affords a pretrial detainee who has exercised his constitutional right to represent himself a right of reasonable access to resources that will enable him to prepare a meaningful pro se defense. State v. Silva, 107 Wn. App. 605, 622, 27 P.3d 663 (2001). However, deciding which specific measures are

necessary or appropriate lies within the sound discretion of the trial court. Silva, 107 Wn. App. at 622. Where constitutionally adequate means of access are provided, a defendant may not reject the method provided "'and insist on an avenue of his or her choosing.'" State v. Nicholas, 55 Wn. App. 261, 269, 776 P.2d 1385 (1989) (quoting United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982). Cartmell was provided the same access under the same circumstances as all other pro se inmates held in Island County awaiting trial. He establishes no prejudice.

Cartmell argues that the trial court erred by denying his request for a continuance. We review a trial court's decision to grant a continuance for an abuse of discretion. Silva, 107 Wn. App. at 611. The trial court properly denied his continuance request.

Cartmell argues the prosecutor intentionally tried to mislead him by submitting a final copy of jury instructions to the court two days after providing him with a preliminary copy. This unsupported claim fails.

Cartmell argues the arresting officer lacked personal knowledge about his failure to appear for trial on January 29, 2013. This claim lacks merit because the officer testified from personal knowledge about arresting Cartmell on the bench warrant issued for his failure to appear at trial.

Cartmell argues that the court erred by denying his request for chemical dependency and mental health evaluations. Under RCW 9.94A.660, "a trial court need not order or consider any report in deciding whether an offender is an appropriate candidate for an alternative sentence." State v. Guerrero, 163 Wn. App. 773, 778, 261

P.3d 197 (2011). Cartmell also fails to show that he met the criteria for presentencing chemical dependency screening under RCW 9.94A.500.

Cartmell argues that the court erred by not imposing a DOSA sentence. His argument is duplicative of the argument made by counsel, so we do not address it here.

## CONCLUSION

For the reasons discussed above, we affirm Cartmell's bail jumping conviction.

WE CONCUR: