IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35440-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATHANIEL JAMES EDENSO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Nathaniel Edenso appeals his convictions for first degree

trafficking in stolen property and third degree possession of stolen property, arguing that

the trial court abused its discretion when it denied Mr. Edenso's request for new counsel

and refused to consider Mr. Edenso's request that he be sentenced to a drug offender

sentencing alternative (DOSA). Judges of the Okanogan County Superior Court

considered both requests before denying them, and no abuse of discretion is shown.

We affirm.

FACTS AND PROCEDURAL BACKGROUND

In September 2016, the State charged Nathaniel Edenso with first degree

trafficking in stolen property and third degree possession of stolen property. The charges

were based on theft from a tire shop in Tonasket of tires valued at $400 to $600 that Mr.

Edenso sold to another tire shop for $10. Mr. Edenso was released on bail, but was arrested in November on additional charges. Jason Wargin, a public defender, was appointed to represent Mr. Edenso in both cases. In late November 2016, the State made Mr. Edenso a global offer of 33 months' confinement for both cases.

About 10 days later, Mr. Edenso sent a letter to Judge Christopher Culp, asking for a new lawyer. He expressed confusion about the offer that had been made, which he thought would be concurrent, but sounded consecutive. He complained that Mr. Wargin didn't ask for "my side of the story," told him to take the State's offer, and failed to give Mr. Edenso copies of paperwork when asked. Clerk's Papers (CP) at 109. Mr. Edenso also complained that when he asked about a residential DOSA, Mr. Wargin said he did not qualify and would not explain why. Mr. Edenso claimed Mr. Wargin lied to him on more than one occasion and had not treated him fairly.

At a status conference a few days later, Judge Culp acknowledged receiving Mr. Edenso's letter and discussed it with him. Due to Mr. Wargin's scheduling conflict, one of his partners represented Mr. Edenso at the December hearing. She explained that she had spoken with Mr. Wargin about some of Mr. Edenso's concerns. She told the court that many defendants were discussing residential DOSAs in the jails and that "a lot of clients [were] suddenly asking for them" but that the prosecutor's office in Okanogan County rarely agreed to residential DOSAs. Report of Proceedings (RP) (Dec. 13, 2016) at 7.

2

Judge Culp spoke to Mr. Edenso about a number of the concerns expressed in his letter during the hearing. The judge explained how consecutive and concurrent sentencing works. He said that as a judge, he did not know whether Mr. Edenso was eligible or not for a residential DOSA and had not been a part of plea negotiations. He did advise Mr. Edenso that while *prison-based* DOSA sentences were not unusual, *residential* DOSA's were rarely imposed in Okanogan County.

Although this was to have been the last status conference in the case, Judge Culp reset the conference for the following week so that Mr. Wargin could be present. He said he would instruct Mr. Wargin to meet with Mr. Edenso in the meantime "in an attempt [to] resolve their differences." RP (Dec. 13, 2016) at 10. He then stated,

> At this point, Mr. Edenso, I'm not seeing sufficient cause for me to remove him as your attorney. On the other hand, if he tells me that communication has broken down between the two of you such that it's not going to work, then I'm going to have to reconsider. But at this point, based on what you've told me, your request is denied.

*Id.* at 10-11.

Mr. Edenso does not provide any record indicating what happened at the following week's continuation of the status conference. He presents no record indicating that he or Mr. Wargin ever reported any continuing problems.

Judge Henry Rawson presided at the jury trial in this case, at the conclusion of which jurors found Mr. Edenso guilty as charged. At the sentencing hearing, the State asked for a mid-range sentence of 38 months. Mr. Wargin asked the court to impose a

prison-based DOSA. After hearing from the lawyers, Judge Rawson invited Mr. Edenso

to speak, stating: "Mr. Edenso? You have the right to address the Court. Anything you

would like to say to the Court—it's called the right of [allocution]—before I impose

sentence in this matter?" RP (July 5, 2017) at 128. Mr. Edenso made the following

statement:

> Your Honor, I've been in the system since I was 17 and messed up a slew
> of times. I apologize to the Courts for wasting your guys' times. I know
> you have bigger and better things to worry about. I still made a mistake. I
> still believe in punishment. I do believe that treatment also would be a—
> more beneficial than throwing me back in the joint for X amount of time.
> I've been in prison twice. It's—it doesn't produce the most upstanding
> citizens in there, even though they do provide schooling and all that. It's
> all—it's a hard road to walk. I'm 36 years old now. Like my lawyer says, I
> do have three children. This will be my last time in the system. As I said I
> apologize for wasting your guys' time.

*Id.* at 128-29. After hearing from Mr. Edenso, the following occurred:

> JUDGE: . . . I am looking at your history and I find looking at your
> history, I don't see any drug-related offenses. I don't see possession of
> drugs. I don't see a marijuana charge. I see no possession of con—alleged
> drugs—nothing in your history indicates to the Court that there's a
> substance abuse issue. That's what I'm looking at all—I see thefts. I see
> driving while suspendeds. I see a residential burglary. Again, theft,
> unlawful imprisonment, as indicated. I see nothing in your history that
> would lead this Court to state or find that you have a substance abuse issue.
> One might try to surmise that, well, theft relates to getting money or
> selling goods in order to get money to do—to buy drugs or otherwise. I—
> again, I have nothing here looking at your history that indicates that.
>
> [MR. EDENSO]: Can I say something, Your Honor—
>
> JUDGE: No.
>
> [MR. EDENSO]: Yes, Sir.

> JUDGE: I don't have—no. I'm—you had your opportunity.
>
> [MR. EDENSO]: Yes, Sir.
>
> JUDGE: So, I'm not going to impose a DOSA.

*Id.* at 129-30.

Judge Rawson sentenced Mr. Edenso to 33 months on count I (the low end of the standard range), and to 364 days on count II, to run concurrently. Mr. Edenso appeals.

## ANALYSIS

### *Failure to appoint new counsel*

Mr. Edenso argues the trial court erred when it refused his request to appoint a new lawyer.

A criminal defendant who is dissatisfied with appointed counsel must show good cause to warrant substitution of counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant. *State v. Stenson*, 132 Wn.2d 668, 734, 940 P.2d 1239 (1997) (citing *Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991)). "Attorney-client conflicts justify the grant of a substitution motion only when counsel and defendant are so at odds as to prevent presentation of an adequate defense[; t]he general loss of confidence or trust alone is not sufficient to substitute new counsel." *Id*. (citations omitted).

Mr. Edenso argues that his letter to Judge Culp identified concerns going beyond a loss of trust and "unequivocally reached the level of irreconcilable conflict coupled with

a complete breakdown in communication." Opening Br. of Appellant at 4.

"Irreconcilable" might be a fair characterization if either Mr. Wargin or Mr. Edenso had reported to the court that they had not been able to resolve their differences, or if Mr. Edenso had ever renewed his request for a new lawyer. But evidently that never happened. Mr. Edenso's brief does not mention Judge Culp's discussion of the letter with Mr. Edenso at the status conference. It does not mention his directive to Mr. Wargin to meet with his client to see if they could resolve their differences.

Ordinarily, we consider three factors in reviewing a trial court's decision to deny a motion to substitute counsel based on an irreconcilable conflict: (1) the extent of the conflict, (2) the adequacy of the court's inquiry, and (3) the timeliness of the motion. *In re Pers. Restraint of Stenson*, 142 Wn.2d 710, 723-24, 16 P.3d 1 (2001) (*Stenson* II). But we hold that a trial court does not abuse its discretion if its first response to friction between a defendant and defense counsel is to direct the lawyer to meet with the client and try to resolve any problems. If the problem is resolved, review of *Stenson* II factors is not required. In this case, the record on appeal suggests the problem was resolved.

*Alleged refusal to consider DOSA sentencing*

Mr. Edenso's remaining argument is that the trial court abused its discretion when it did not meaningfully consider imposing a DOSA.

Whether to impose a DOSA rests within the trial court's discretion. *State v. Conners*, 90 Wn. App. 48, 53, 950 P.2d 519 (1998). A decision not to impose a DOSA

6

sentence is ordinarily not reviewable on appeal. *State v. Bramme*, 115 Wn. App. 844, 850, 64 P.3d 60 (2003). A court's "categorical refusal to consider [a DOSA] sentence, or the refusal to consider it for a class of offenders, is effectively a failure to exercise discretion and is subject to reversal," however. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).

The fact that Judge Rawson stated a reason why he would not impose a DOSA that was specific to Mr. Edenso demonstrates that he did not categorically refuse to consider the request.

Mr. Edenso nonetheless argues that Judge Rawson refused to "meaningfully" consider the request "because [he] denied Defendant the right to address his request, additionally violating his right of allocution." Opening Br. of Appellant at 6. Allocution is the right of a criminal defendant to make a personal argument or statement to the court before the pronouncement of sentence. *State v. Canfield*, 154 Wn.2d 698, 701, 116 P.3d 391 (2005). It is the defendant's opportunity to plead for mercy and present any information in mitigation of sentence. *Id.*

Judge Rawson invited Mr. Edenso to speak before he announced his sentence. The judge was not required to tell Mr. Edenso what points he should address. Mr. Edenso evidently understood it was an opportunity to address his desired DOSA sentencing because he told the judge, "[T]reatment also would be a—more beneficial than throwing me back in the joint for X amount of time. I've been in prison twice.

It's—it doesn't produce the most upstanding citizens in there, even though they do provide schooling and all that." RP (July 5, 2017) at 128-29.

A court is not required to allow a defendant to interrupt and provide additional information or argument when it becomes evident, as the court announces a sentence, that it is not the sentence the defendant hoped for. Judge Rawson did not refuse to consider a DOSA sentence.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.

8