IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 38476-4-III |
| JOSE A. CONTRERAS, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

LAWRENCE-BERREY, A.C.J. — Jose Contreras seeks relief from personal restraint imposed for his 2018 Benton County conviction for first degree arson. Specifically, Mr. Contreras requests resentencing and recalculation of his offender score to exclude the point derived from his 2013 Franklin County conviction for unlawful possession of a controlled substance. The State concedes. This court accepts the State's concession. Mr. Contreras also contends that—at resentencing—he should be allowed to challenge the imposition of nonmandatory legal financial obligations (LFOs) in light of his indigency and under *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

In *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), the Supreme Court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1)

(2017), violated state and federal due process clauses and was therefore void.

Following *Blake*, the Franklin County Superior Court vacated Mr. Contreras's possession conviction in April 2021. Consequently, the offender score used to sentence Mr. Contreras for the first degree arson conviction was erroneous as it included the vacated conviction. An incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice; thus, Mr. Contreras is entitled to resentencing. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 868-69, 50 P.3d 618 (2002).

In addition to challenging his offender score at resentencing, Mr. Contreras is entitled to challenge the imposition of nonmandatory LFOs imposed in Benton County Superior Court case no. 17-1-01142-1. Because the judgment and sentence is invalid, there is no final judgment on the merits. *State v. Delbosque*, 195 Wn.2d 106, 126, 456 P.3d 806 (2020). In other words, the felony sentence is wiped clean and Mr. Contreras is entitled to a full resentencing, including challenging the imposition of discretionary LFOs based on his indigency. *See State v. White*, 123 Wn. App. 106, 114, 97 P.3d 34 (2004). Under RCW 10.01.160(3), "trial courts have an obligation to conduct an individualized inquiry into a defendant's current and future ability to pay discretionary LFOs before imposing them at sentencing." *Ramirez*, 191 Wn.2d at 750.

No. 38476-4-III
*PRP of Contreras*

Mr. Contreras's petition is granted. The matter is remanded to the trial court for resentencing in accordance with *Blake* and *Ramirez*. RAP 16.4(a).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Fearing, J.

Pennell, J.

3