IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32842-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SALVADOR S. NAVA, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — A jury convicted Salvador Nava of one count of first degree murder, four counts of first degree assault, and one count of second degree unlawful possession of a firearm. The trial court imposed a sentence of seventy-eight years and seven months, a sentence within the standard range. He challenges this sentence by contending that the sentence in practical effect exceeds the maximum sentence of life allowable for a class A felony conviction, since he is not entitled to early release credits until after his life expectancy. Nava seeks a term of life with the possibility of release. We hold that the sentence imposed is lawful and affirm.

FACTS

In May 2001, in Yakima, Salvador Nava fired several shots into a car ferrying five men. The shots killed one of the men. Texas authorities apprehended Nava years after the shooting

and extradited Nava to Yakima. The State of Washington charged Nava with one count of first degree murder, four counts of first degree assault, and one count of second degree unlawful possession of a firearm. The murder and assault charges alleged he was armed with a firearm. The jury found him guilty on all charges.

The trial court first sentenced Salvador Nava to two hundred and twenty months for the murder conviction and ran that sentence concurrently with the remaining counts. This sentence was five hundred and twenty months below the standard range sentence. On appeal, this court affirmed his convictions, but remanded for resentencing to a term that included a standard enhanced sentence on the murder count to run consecutively with standard enhanced sentences on the assault convictions. *State v. Nava*, 177 Wn. App. 272, 298, 311 P.3d 83 (2013), *review denied*, 179 Wn.2d 1019 (2014).

Upon resentencing, the Yakima County Superior Court sentenced Salvador Nava to the low end of the standard range on the murder and assault convictions, added sixty month firearm enhancements to each murder and assault conviction, and decreed that all of these convictions run consecutively for a total of nine hundred and forty three months. The court also imposed the high end of the sentence range for the second degree unlawful possession of a firearm conviction, to run concurrently with the other sentences.

2

ANALYSIS

Salvador Nava was twenty-seven years old at the time of conviction. He contends a 943-month sentence exceeds the maximum sentence allowable for a class A felony because he will be at least seventy-two years old before he can begin earning early release credits. Thus, he asserts he has been sentenced beyond his life expectancy, which he alleges is 71.6 years.

Generally the length of a criminal sentence is not subject to review if the punishment falls within the standard sentencing range established by the Sentencing Reform Act of 1981 (SRA) ch. 9.94A RCW. *State v. Williams*, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003); RCW 9.94A.585(1). We will review, however, a trial court's underlying legal conclusions and determinations in order to correct legal errors or abuses of discretion. *State v. Williams*, 149 Wn.2d at 147; *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993). Consequently, we examine whether the trial court imposed a standard range sentence using the correct legal standards and considerations.

Under former RCW 9.94A.400(1)(b) (1999) (now RCW 9.94A.589(1)(b)), whenever a person is convicted of two or more serious violent offenses arising from separate and distinct criminal conduct, the sentences imposed under this subsection are served consecutively to each other and concurrently with other sentences. Both first degree murder and first degree assault, class A felonies, are serious violent offenses. Former RCW 9.94A.030(34)(a) (1999). For each

3

class A felony committed while armed with a firearm, a five year firearm enhancement is added to the standard range. RCW 9.94A.533(3). The firearm enhancements run consecutively to all other sentencing provisions, and the offender is not eligible for earned release credits during the time served for the firearm enhancements. Former RCW 9.94A.150(1) (1999); RCW 9.94A.533(3)(e). For first degree murder and first degree assault, the statutory maximum sentence is life. RCW 9A.20.021(1)(a). Salvador Nava's trial court imposed standard range sentences on all counts, properly enhanced each murder and assault sentence by five years for committing the crimes with a firearm, and ran each firearm enhancement and the murder and assault sentences consecutively as directed by RCW 9.94A.533(3)(e) and former RCW 9.94A.400(1)(b).

Salvador Nava admits that the trial court followed the SRA when it imposed the sentence, and he agrees that the firearm enhancements do not exceed the statutory maximum for each separate offense. But he argues that the overall sentence exceeds the trial court's authority because it effectively extends incarceration beyond the statutory maximum of life. Such a sentence is unfair and illogical, he contends.

Our state high court considered and rejected an analogous contention in *State v. Thomas*, 150 Wn.2d 666, 80 P.3d 168 (2003). Gregory Thomas was convicted of two counts of second degree robbery, a class B felony, and one count of second degree unlawful possession of a

firearm, a class C felony. The statutory maximum sentence for each robbery was one hundred twenty months and for the unlawful possession was sixty months. With the appropriate thirty six-month firearm enhancement added to each robbery sentence, the standard range for each robbery count was ninety nine to one hundred twenty months. The trial court imposed concurrent standard range sentences on each count, and the two firearm enhancements consecutive to each other and to the longest concurrent base sentence, for a total confinement of thirteen years. Each of the sentences was at the statutory maximum. Thomas argued that his total enhanced sentence unlawfully exceeded the statutory maximum for the highest level offense, which was ten years for the second degree robberies.

The *Thomas* court held that the maximum sentence for each count is evaluated separately. This conclusion comports with the "plain, unambiguous language" of the SRA's sentencing statutes. *Id.* at 670-71. When a defendant is sentenced for multiple offenses and the individual sentences do not exceed the applicable statutory maximums for each count, the resulting total period of confinement is valid under the SRA.

None of Salvador Nava's enhanced standard range sentences exceed their statutory maximums. Accordingly, the trial court committed no sentencing error.

Salvador Nava also contends his overall sentence violates the purpose of the SRA as expressed in RCW 9.94A.010. He neglects, however, to explain how his sentence violates any

5

portion of RCW 9.94A.010. Therefore, we reject this contention.

Salvador Nava finally argues that he must serve a mandatory twenty years without earning early release credits for the murder conviction. In support of this argument, he cites RCW 9.94A.540(1)(a), (2). This statute, formerly RCW 9.94A.590, was effective July 1, 2001, after Nava committed his crimes. Under RCW 9.94A.345, the trial court imposes sentences in accordance with law in effect when the offense was committed. Therefore, Nava's argument is misplaced.

## CONCLUSION

We affirm the resentencing of Salvador Nava.

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Lawrence-Berrey, J.

6