IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49672-1-II |
| Respondent, | |
| v. | |
| CARLOS AVALOS, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Carlos Avalos appeals his standard range sentence for second degree assault. He argues that the sentencing court abused its discretion when it imposed a standard range consecutive sentence rather than an exceptional concurrent sentence. He also argues that defense counsel provided ineffective assistance when counsel failed to request a concurrent exceptional sentence. We hold that the sentencing court did not err when it imposed a standard range sentence. Further, even if we presume counsel's assistance was deficient, we hold his deficient performance did not prejudice Avalos. We affirm Avalos's sentence.

FACTS

I. BACKGROUND

On February 3, 2014, while incarcerated, 19-year-old Avalos assaulted a corrections officer when Avalos used a metal shank to repeatedly stab the officer in the head and neck. The officer was on medical leave for 10 months as a result of the assault.

At the time of this offense, Avalos was serving a 10-year sentence, imposed in July 2012, for prior convictions. Avalos had a total of five prior assault convictions for attacking counselors and security officers in his juvenile detention facility.

## II. ORIGINAL SENTENCING HEARING

Avalos was originally sentenced for the 2014 assault in March 2015. The standard range was 53 to 70 months.

Avalos's counsel argued that Avalos should receive the "bottom of the standard range" and conceded the State's assertion that Avalos's sentence for the 2014 assault must run consecutively with the prior sentences, rather than concurrently. Clerk's Papers (CP) at 102. In advocating for a low end of the standard range sentence, Avalos's counsel argued that his age of 19 at the time of the incident reduced his ability to plan for the future and recognize the consequences of his actions. Counsel also argued that Avalos's time in solitary confinement was a mitigating factor because recent research shows that solitary confinement has serious mental health consequences.

Avalos was sentenced to 70 months, consecutive to prior sentences. Explaining its reasons for the 70-month sentence, the sentencing court described the violent nature of Avalos's "ambush" on the corrections officer. Report of Proceedings (RP) (Mar. 10, 2015) at 18. It said, "I think that the attack was cowardly and I think that the range, that has been suggested by the State, at the high end is entirely appropriate." RP (Mar. 10, 2015) at 18-19. The sentencing court also acknowledged and rejected defense counsel's arguments regarding Avalos's age:

> Mr. Avalos, I realize I've impose the high end of the range, but I agree with all the things your attorney said about you and your life. You're a young man. You've got your whole life ahead of you. It would be great if you could get an education when you're in prison, if you could turn your life around, get out and have a nice, long, happy, healthy life, but ultimately it's up to you.

2

No. 49672-1-II

RP (Mar. 10, 2015) at 21.

### III.  APPEAL AND RESENTENCING

Avalos appealed his original sentence on grounds unrelated to this appeal.  Division One of this court vacated his sentence and remanded the case for resentencing.

At the November 2016 resentencing hearing, Avalos's counsel again argued that Avalos's youthfulness and solitary confinement were mitigating factors that support a low-end standard range sentence.  And he agreed that Avalos's sentence must be imposed consecutively to Avalos's prior sentence.  Counsel did not inform the sentencing court that it had discretion, upon a finding of a mitigating factor, to impose a concurrent sentence rather than a consecutive sentence.  *See* RCW 9.94A.589(2)(a).  The sentencing court imposed 70 months for the same reasons given at the original sentencing hearing.

### ANALYSIS

### I.  NO ABUSE OF DISCRETION

Avalos argues that the sentencing court was required to consider youthfulness as a factor when determining whether to impose an exceptional concurrent sentence.  We disagree that the sentencing court abused its discretion.

### A.  RULES OF LAW

Generally, a standard range sentence is not subject to appellate review.  *State v. Williams*, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003); RCW 9.94A.585(1).  "[S]o long as the sentence falls within the proper presumptive sentencing ranges set by the legislature, there can be no abuse of discretion as a matter of law as to the sentence's length."  *Williams*, 149 Wn.2d at 146-47.

3

"Nevertheless, a defendant may appeal the trial court's procedure in imposing his sentence." *State v. Knight*, 176 Wn. App. 936, 957, 309 P.3d 776 (2013).

When a person commits a felony while under sentence for a prior felony conviction, the sentences are presumptively consecutive. RCW 9.94A.589(2)(a).[1] A sentencing court may provide an exceptional sentence below the standard range by deviating from statutory standards "governing whether sentences are to be served consecutively or concurrently." Former RCW 9.94A.535 (2013). The sentencing court may impose a sentence outside the standard sentence range for an offense if it finds "that there are substantial and compelling reasons justifying an exceptional sentence." Former RCW 9.94A.535. A defendant's youthfulness is a mitigating factor that may justify an exceptional sentence below statutory sentencing guidelines, even when the defendant is a legal adult. *State v. O'Dell*, 183 Wn.2d 680, 688-89, 358 P.3d 359 (2015).

When a defendant requests an exceptional sentence downward, review is limited to instances where the sentencing court either (1) categorically refuses to impose an exceptional sentence downward under any circumstances or (2) relies on an impermissible basis for refusing to impose an exceptional sentence below the standard range. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). "While no defendant is entitled to an exceptional sentence below the standard range, every defendant *is entitled to ask* the [sentencing] court to consider such a sentence and to have the alternative actually considered." *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005) (emphasis added). And a sentencing court abuses its discretion when the defense requests an exceptional sentence below the standard range and the court fails to

---

[1] RCW 9.94A.589(2)(a) provides that "whenever a person while under sentence for conviction of a felony commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms."

consider mitigating factors raised by the defense. *See O'Dell*, 183 Wn.2d at 697 (citing *Grayson*, 154 Wn.2d at 342).

A sentencing court violates the Eighth Amendment when it fails to consider the defendants' youthfulness when sentencing juveniles in adult court. *State v. Houston-Sconiers*, 188 Wn.2d 1, 9, 391 P.3d 409 (2017).

## B. *HOUSTON-SCONIERS*

Avalos argues that under *Houston-Sconiers*, sentencing courts are constitutionally required to consider a defendant's youthfulness when imposing a sentence and that the sentencing court here abused its discretion when it failed to consider whether to mitigate Avalos's sentence based on his youthfulness. But *Houston-Sconiers* is distinguishable.

In *Houston-Sconiers*, two defendants, aged 16 and 17, were charged as adults and sentenced under adult sentencing guidelines, including mandatory firearm sentencing enhancements (FSEs). 188 Wn.2d at 8, 12-13. The sentencing court believed it lacked discretion to mitigate the enhanced sentence based on the defendants' juvenile status. *Houston-Sconiers*, 188 Wn.2d at 12-13. As a result, the court imposed the FSEs, despite the judge's "frustration at his inability to exercise greater discretion over the sentences imposed." *Houston-Sconiers*, 188 Wn.2d at 13. The Supreme Court held, "Because 'children are different' under the Eighth Amendment and hence 'criminal procedure laws' must take the defendants' youthfulness into account, sentencing courts must have absolute discretion to depart as far as they want below otherwise applicable [Sentencing Reform Act of 1981, ch. 9.94A RCW] ranges and/or sentencing enhancements *when sentencing juveniles in adult court*." *Houston-Sconiers*, 188 Wn.2d at 9 (emphasis added).

As the State argues, *Houston-Sconiers* is distinguishable from Avalos's case. In contrast to the 16- and 17-year-old defendants in *Houston-Sconiers*, Avalos was 19 at the time he committed his crime and thus a legal adult. Avalos has failed to show that *Houston-Sconiers* provides a constitutional basis for requiring sentencing courts to consider the defendant's youthfulness as a mitigating factor at sentencing when the defendant is a *legal adult* rather than a juvenile. Further, here, the sentencing court considered Avalos's youthfulness but rejected defense counsel's argument that youthfulness was a mitigating factor that justified a low-end standard range sentence under the facts presented.

## C. *O'DELL*

Next, Avalos argues that under *O'Dell*, 183 Wn.2d at 683, the sentencing court abused its discretion when it failed to consider youthfulness as a mitigating factor that would justify a concurrent rather than consecutive sentence. But *O'Dell* is distinguishable. Unlike *O'Dell*, the sentencing court here did not abuse its discretion because it was not asked to impose an exceptional sentence, and it did not refuse to consider youthfulness as a mitigating factor.

Eighteen-year-old O'Dell was convicted of second degree rape. *O'Dell*, 183 Wn.2d at 683. At sentencing, defense counsel asked the sentencing court to impose an exceptional sentence below the standard range because the defendant's youthfulness impaired his ability to appreciate the wrongfulness of his conduct and act in conformity with the law. *O'Dell*, 183 Wn.2d at 685. The sentencing court "ruled that it *could not* consider age as a mitigating circumstance" because O'Dell was a legal adult. *O'Dell*, 183 Wn.2d at 685 (emphasis added). On appeal, the Supreme Court held that the sentencing court abused its discretion because it believed erroneously that it

could not consider youth as a mitigating factor and, as a result, failed to consider whether O'Dell's youth impacted his culpability. *O'Dell*, 183 Wn.2d at 696-97.

*O'Dell* is distinguishable from Avalos's case because *O'Dell* involved an appealable error while Avalos's case does not. A defendant may not appeal a standard range sentence unless he shows that the sentencing court either (1) categorically refused to impose an exceptional sentence downward under any circumstances or (2) relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range. *Garcia-Martinez*, 88 Wn. App. at 330; *see* RCW 9.94A.585(1). O'Dell's sentence was appealable because, based on an erroneous understanding of the law, the sentencing court refused to impose O'Dell's requested exceptional sentence. *O'Dell*, 183 Wn.2d at 696-97.

In contrast, Avalos *never requested* an exceptional sentence and in fact agreed that a consecutive sentence was required. While a defendant is entitled to ask the sentencing court to consider such a sentence and to have the alternative actually considered, Avalos did not ask the sentencing court to consider an exceptional sentence. *Grayson*, 154 Wn.2d at 342. Thus, unlike the sentencing court in *O'Dell*, Avalos's sentencing court did not err by refusing to consider a sentence based on an improper basis. We reject Avalos's argument that the sentencing court abused its discretion when it imposed a standard range sentence.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Avalos argues that defense counsel provided ineffective assistance when he conceded that Avalos's sentence was required to run consecutive to his prior felonies and failed to cite *O'Dell* to support a concurrent sentence. Because Avalos was not prejudiced by his counsel's deficient performance, his argument fails.

Ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). The federal Sixth Amendment protects defendants from ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-87, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *State v. Carson*, 184 Wn.2d 207, 216, 357 P.3d 1064 (2015). "A failure to satisfy either prong is fatal to an ineffective assistance of counsel claim." *State v. McLean*, 178 Wn. App. 236, 246, 313 P.3d 1181 (2013) (citing *Strickland*, 466 U.S. at 687).

Even assuming without deciding that counsel was deficient, Avalos fails to demonstrate that he was prejudiced by this deficiency. To support that he was prejudiced, Avalos states, "Although the court remained firm in its decision to impose a 70-month prison term, nothing suggests the judge would have refused to consider a request for concurrent sentences, had counsel properly supported such a request." Br. of Appellant at 10. We disagree.

A defendant establishes prejudice by showing that there is a reasonable probability that the result of the proceeding would have been different but for counsel's unprofessional errors. *State v. Grier*, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Grier*, 171 Wn.2d at 34 (quoting *Strickland*, 466 U.S. at 694).

The standard range sentence for Avalos's conviction was 53 to 70 months, and the sentencing court imposed the high end of the standard range. At resentencing, the sentencing court

acknowledged and rejected counsel's arguments that Avalos's sentence should be at the lower end of the standard range as a result of his young age.

The sentencing court discussed the violent nature of the attack, highlighting that the corrections officer required stitches to treat his injuries and was on medical leave for 10 months as a result of the assault. The sentencing judge said, "I think that the attack was cowardly and I think that the range, that has been suggested by the State, at the high end is entirely appropriate." RP (Mar. 10, 2015) at 18-19. The sentencing court also acknowledged and rejected defense counsel's arguments regarding Avalos's age:

> Mr. Avalos, I realize I've impose the high end of the range, but I agree with all the things your attorney said about you and your life. You're a young man. You've got your whole life ahead of you. It would be great if you could get an education when you're in prison, if you could turn your life around, get out and have a nice, long, happy, healthy life, but ultimately it's up to you.

RP (Mar. 10, 2015) at 21.

Thus, although Avalos's counsel argued that Avalos's youthfulness was a mitigating factor that justified a low-end sentence, the sentencing court was unpersuaded because it believed the nature of the harm caused justified a high-end sentence. If Avalos's counsel had asked the sentencing court for an exceptional concurrent sentence, the sentence would have resulted in no additional incarceration for the violent attack on a corrections officer. Based on the sentencing court's rejection of defense counsel's low-end standard range sentence and imposition of a sentence at the high end of the range, there is no reasonable probability that the sentencing court would have imposed a sentence *below* the standard range but for counsel's unprofessional errors. *Grier*, 171 Wn.2d at 34.

No. 49672-1-II

Because Avalos cannot show that the outcome of the proceedings would have been different if his counsel had requested an exceptional sentence, Avalos's ineffective assistance claim fails. *Grier*, 171 Wn.2d at 34.

## III. APPELLATE COSTS

Avalos asks that we deny appellate costs to the State. Under RAP 14.2, a commissioner of this court will determine whether to award appellate costs in due course.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

MAXA, A.C.J.

MELNICK, J.