**FILED**
**JANUARY 4, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34530-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL HENRY CAMPBELL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Daniel Campbell appeals from convictions for second degree assault and attempted first degree robbery, arguing that the trial court erred in failing to grant him an exceptional sentence. Since he neither requested an exceptional sentence nor can show that the trial court failed to follow a mandatory procedure, his appeal is without merit. We affirm.

## FACTS

The noted offenses were tried to a jury in the Spokane County Superior Court. The defense received instructions on self-defense. The jury, however, rejected the defense and convicted as charged while also finding that both crimes were committed while armed with a deadly weapon. The parties and court agreed that the assault conviction merged into the attempted robbery charge. Clerk's Papers at 211-212.

Because of a prior conviction for an assault involving a deadly weapon, Mr. Campbell

faced a 24 month enhancement in this case, along with a standard range for attempted

robbery of 81 to 108 months.

The prosecutor sought a sentence of 90 months plus the enhancement, for a total

of 114 months. The defense, pointing to the failed self-defense claim and the defendant's

certificates for completing courses while incarcerated, asked for a sentence of 81 months

plus the 24 month enhancement, for a total of 105 months. The defense did not seek an

exceptional sentence.

The trial court followed the prosecutor's recommendation, stating:

> As we all know in the system, the jury has made their ruling or made
> their decision. The sentencing that then takes place is based upon the
> seriousness of the crime and the number of points the defendant has. And
> the grid indicates to us that the range is the 81 to 108 months.
> Presumptively we look to the midpoint, which again has to be in the 94 to
> 95 range in this particular case. And then the Court can consider whether
> moving up or down from sort of that starting point is appropriate, and that
> is within the Court's discretion.
> It seems to the Court that the request made by the state is appropriate
> and reasonable, and seems like that's the appropriate sentence in this
> particular case, and I will adopt that position of 90 months. The 24 months
> follows, of course, consecutive to that, then for the total of 114 months. I'll
> order that.

Report of Proceedings at 342.

Mr. Campbell timely appealed to this court. A panel considered the matter

without argument.

No. 34530-1-III
*State v. Campbell*

ANALYSIS

The sole issue presented by counsel in this appeal is a contention that the trial court erred in not granting an exceptional sentence.[1] He did not raise the issue in the trial court and he has not shown that the trial judge failed to follow a required procedure. Accordingly, his challenge fails.

The governing law on this issue has been clear since the enactment of the Sentencing Reform Act of 1981. "A sentence within the standard sentence range . . . for an offense shall not be appealed." RCW 9.94A.585(1). This means, generally, that a party cannot appeal a standard range sentence. *State v. Williams*, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003). Thus, "so long as the sentence falls within the proper presumptive sentencing ranges set by the legislature, there can be no abuse of discretion as a matter of law as to the sentence's length." *Id*. at 146-147.

There are some exceptions to the general prohibition against review of standard range sentences. *Id*. at 147. A party's right to "challenge the underlying legal conclusions and determinations by which a court comes to apply a particular sentencing

---

[1] Mr. Campbell also has filed a statement of additional grounds pursuant to RAP 10.10, raising four issues. One of those issues is a claim of ineffective assistance by his trial counsel. His arguments on that claim involve matters outside the record of this case and are better addressed in a personal restraint petition. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008). His remaining contentions are not sufficiently argued to be resolved here, nor are all of the facts necessarily present in the record of this appeal. Accordingly, we also decline to further consider those contentions.

provision" is not barred by the prohibition. *Id.* An appellate court may review a standard range sentence resulting from constitutional error, procedural error, an error of law, or the trial court's failure to exercise its discretion. *See, e.g., Williams*, 149 Wn.2d at 147 (State can appeal determination of a defendant's eligibility for a sentencing alternative); *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993) (defendant can challenge a trial court's failure to follow a specific sentencing provision); *State v. Ammons*, 105 Wn.2d 175, 183, 713 P.2d 719, 718 P.2d 796 (1986) (defendant can challenge trial court's failure to comply with mandatory procedures); *State v. McGill*, 112 Wn. App. 95, 100, 47 P.3d 173 (2002) (sentencing court erred when it failed to recognize it had authority to impose an exceptional sentence).

Here, Mr. Campbell has not identified what mandatory procedures the court failed to follow. Since he did not ask for an exceptional sentence, he cannot claim error in the trial court's failure to consider an exceptional sentence. *Mail*, 121 Wn.2d at 712-713.

Although the trial court did not consider his failed self-defense claim as the basis for an exceptional sentence, the court did consider that claim in weighing his request for a low end sentence instead of the mid-range sentence the prosecutor was seeking. Thus, the court did do what it was required to do—it considered Mr. Campbell's arguments at sentencing. This mandatory feature of our sentencing procedure was complied with. Accordingly, Mr. Campbell has failed to show that the trial court failed to comply with

any mandatory procedures. It did listen to Mr. Campbell's mitigation arguments and found them wanting.[2]

The trial court considered Mr. Campbell's arguments in the context in which he raised them. Thus, the standard range sentence imposed by the court cannot be challenged in this proceeding. RCW 9.94A.585(1).

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

---

[2] It is for this reason that Mr. Campbell is unable to argue that his trial counsel performed ineffectively in failing to ask for an exceptional sentence. His argument was heard and rejected; it would have been no more effectual in the exceptional sentence context.