IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78598-2-I |
|  | ) |  |
| Respondent, | ) |  |
|  | ) |  |
| v. | ) | UNPUBLISHED OPINION |
|  | ) |  |
| CRISTEN R. PARADA-RIVERA, | ) |  |
|  | ) |  |
| Appellant. | ) |  |
|  | ) | FILED: June 24, 2019 |

PER CURIAM — Cristen Parada-Rivera appeals the supervision fees imposed following his guilty plea to second degree murder. The State concedes error and moves to remand with directions to strike the fees from appendix H of the judgment and sentence. We accept the State's concession.

In a Statement of Additional Grounds for review, Parada-Rivera contends the sentencing court unfairly added 20 months of confinement to his sentence because he asked at sentencing why another person involved in the offense had not been arrested. He fails to demonstrate a basis to review his standard range sentence.

In its oral ruling, the court first noted that the prosecutor "who is usually thoroughly tempered in his approach says this is one of the most egregious murder 2 cases that the King County Prosecutor's Office has ever prosecuted."

The court also noted that there was an "unknown and unidentified third party who may or may not have been involved in the murder . . . ." The court then imposed a 200-month sentence, 20 months below the top end of the standard range. The following exchange then occurred:

> THE COURT: Mr. Parada-Rivera, you will be barred from the use or possession of a firearm, you will lose your right to vote, and you will be on community supervision for 36 months upon your release. Do you have any questions about the sentence?
>
> MR. PARADA-RIVERA: Yes. The third person who used the screwdriver you all never arrested him. He's the one who put the screwdriver in my hand so I threw it away. I threw it. The truth is I've never seen this person before. I was afraid when -- and I think it was the same person because one time this same person stopped me. It was a black person and he threatened me. He had a handgun. The truth is I never used this screwdriver.
>
> THE COURT: Your DNA is all over it. **I'm going to change my sentence. It's going to go to the high end [200 months].** It's the most ridiculous thing I've ever heard.

(Emphasis added). Defense counsel objected to the additional 20 months, emphasizing Parada-Rivera's low I.Q. and difficulty comprehending the proceedings. The court responded:

> THE COURT: I understand what your words are suggesting, that he knows not of what he speaks of, but the reason I was willing to not give him the high end was I thought he had taken some responsibility or some accountability and with his statement that -- it was just an incredible statement and it kind of negated everything that I had thought. So we do what we do and I appreciate your words, Mr. Geisness.

Generally, a defendant cannot appeal a standard range sentence. RCW 9.94A.585(1); State v. Williams, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003). This rule arises from the notion that, so long as the sentence falls within the proper presumptive sentencing ranges set by the legislature, no abuse of discretion

2

follows as a matter of law as to the sentence's length. State v. Williams, 149 Wn.2d at 146-47. An appellate court may, however, review a standard range sentence resulting from constitutional error, procedural error, an error of law, or the failure to exercise discretion. *E.g.*, Id. (State can appeal determination of a defendant's eligibility for a sentencing alternative); State v. Mail, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993) (defendant can challenge a trial court's failure to follow a specific sentencing provision); State v. Ammons, 105 Wn.2d 175, 183, 713 P.2d 719, 718 P.2d 796 (1986) (defendant can challenge trial court's failure to comply with mandatory procedures). Parada-Rivera fails to demonstrate that any of these bases for appealing a standard range sentence apply here.

Affirmed in part and remanded in part with directions to strike the supervision fees from appendix H of the judgment and sentence.

FOR THE COURT: