# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54313-3-II |
| Respondent, | Consolidated with |
| v. | |
| DEMARCUS J. WILLIAMS, | |
| Appellant. | |
| In the Matter of the Personal Restraint of | No. 54613-2-II |
| DEMARCUS J. WILLIAMS, | UNPUBLISHED OPINION |
| Petitioner. | |

GLASGOW, A.C.J.—In 2017, 19-year-old Demarcus J. Williams fought with his girlfriend and then fired several shots toward her car as she was driving away with their child. Williams pleaded guilty to first degree assault in exchange for a significant reduction in charges.

Williams was resentenced in 2020 because his initial sentence was based on an improper offender score. At resentencing, defense counsel and the State recommended a sentence at the low end of the standard range, but Williams filed a handwritten motion on his own, asking for an exceptional sentence below the standard range on the basis of his youth. The trial court imposed a sentence at the low end of the standard range.

Williams appeals his sentence, contending that the trial court abused its discretion by not considering an exceptional sentence below the standard range based on youth. Williams also asks

us to remand to vacate a 2014 conviction for simple possession of a controlled substance under *State v. Blake*.[1] Finally, Williams filed a personal restraint petition (PRP), which was consolidated with his direct appeal, seeking to withdraw his 2017 guilty plea.

We affirm. The trial court properly imposed a standard range sentence as Williams's counsel requested because Williams did not ask to proceed pro se and his request contradicted counsel's sentencing recommendation. We do not remand to vacate Williams's simple possession conviction because that conviction is not before us. Williams may separately petition the superior court to vacate his possession conviction, however. We dismiss Williams's PRP because it is time barred.

FACTS

According to the probable cause statement, Williams, who was 19 years old, fought with his girlfriend inside a car, pulled her out of the car, and left their toddler unattended inside the vehicle for a few minutes. After Williams's girlfriend got back inside the car and drove away with their child, Williams fired several shots in the direction of the car.

The State initially charged Williams with two counts of first degree assault, one count of second degree assault, and one count of unlawful possession of a firearm. The parties then negotiated a plea deal in which Williams pleaded guilty to only one count of first degree assault with a deadly weapon. The parties agreed that Williams's offender score was 4.5 points. The State and defense counsel jointly recommended a sentence at the midpoint of the standard range.

Williams's counsel noted at sentencing that Williams "accepts responsibility. He understands that this is a global resolution . . . . As [the prosecutor] has said, this was an agreed

---

[1] 197 Wn.2d 170, 173, 481 P.3d 521 (2021).

recommendation." 2 Verbatim Report of Proceedings (VRP) at 13. The trial court accepted Williams's guilty plea and sentenced him to the agreed midrange sentence.

More than a year after pleading guilty, Williams filed a PRP in this court seeking to withdraw his guilty plea because his offender score included convictions for juvenile felonies that did not exist.[2] The State conceded that Williams's offender score was incorrect. *Williams*, slip op at 1. We accepted the State's concession and granted Williams's PRP in part, remanding for resentencing. *Id.*, slip op at 1-2. We did not permit Williams to withdraw his guilty plea, however, because the petition was time barred under RCW 10.73.090. *Id.*

At resentencing, Williams and the State disagreed about the applicable standard range. Williams contended that other offenses in his offender score should count as the same criminal conduct, lowering his offender score to 2.5, while the State argued that only the improperly included juvenile felonies should be removed, giving him an offender score of 3.5.

Defense counsel recommended a sentence at the low end of the standard range based on an offender score of 2, rounded down from 2.5, and specifically argued that Williams's youth supported the low end sentence. The defense's sentencing memorandum stated, "The basis for the low end recommendation includes [Williams's] age at the time of the offense. [The] Washington Supreme Court has held that a defendant's youthfulness is a significant factor in diminishing his capacity to appreciate the wrongfulness of his conduct." Clerk's Papers (CP) at 45. The State also recommended a sentence at the low end of the standard range based on an offender score of 3.5.

---

[2] *See In re Pers. Restraint of Williams*, No. 53441-0-II, slip op. at 1 (Wash. Ct. App. Sept. 4, 2019) (unpublished), http://www.courts.wa.gov/opinions/pdf/534410.pdf.

Before the resentencing hearing, Williams submitted a handwritten statement to the trial court titled "Mitigating Circumstances in Support of Downward Exceptional Sentence." CP at 123. Williams invoked *State v. Houston-Sconiers*[3] and other juvenile and youth sentencing cases to argue that the trial court should impose an exceptional downward sentence because he was 19 at the time of the offense.

At the resentencing hearing, defense counsel reiterated that Williams's youth supported a sentence at the low end of the standard range but did not mention an exceptional sentence below the standard range. Williams's counsel reminded the trial court that Williams had prepared a written statement, which the trial court said it had read.

Williams also gave an oral statement at the sentencing hearing. While he did not explicitly request an exceptional downward sentence in his oral statement, Williams discussed his difficult childhood, his poor decision-making at age 19 when he committed the assault, and the untreated mental health issues he experienced as a child and young adult. Williams "[h]ope[d] the courts will see I was truly a misguided youth who never intended harm to anyone, and that with the proper tools, which I've already beg[u]n to utilize, and continue that behavior, I can truly be an asset to society." 4 VRP at 14. He described himself as just now "becoming a man," and suggested the trial court should apply juvenile sentencing standards to young people up to age 25. *Id.* at 15.

The trial court thanked Williams for his written and oral statements and commended him for "taking the time to learn about yourself and to turn a corner." *Id.* at 14-15. The trial court did not say anything about Williams's request for an exceptional sentence downward. The trial court pointed out that Williams had "a lot of life ahead of" him, but did not otherwise address his age.

---

[3] 188 Wn.2d 1, 391 P.3d 409 (2017).

*Id.*at 16. The trial court ruled in favor of the defense on the same criminal conduct argument and stated, "I am giving the low end of the sentence on the 2 [point offender score]." *Id.*

Williams timely appeals the standard range sentence imposed after his 2020 resentencing hearing, arguing that the trial court abused its discretion by not properly considering his request for an exceptional downward sentence. Williams also seeks relief in a statement of additional grounds for review, making the same arguments.

In May 2020, Williams filed a pro se PRP, now consolidated with this case. Williams seeks to withdraw his 2017 guilty plea because he says it was facially invalid and involuntary due to the improper offender score, which had initially included juvenile felonies that did not exist. In the PRP, Williams argues that, although he filed the PRP three years after his guilty plea became final, his PRP is timely because he filed it during the one-month period when Washington State Governor Jay Inslee suspended the one-year time bar under RCW 10.73.090 due to the state of emergency caused by the COVID-19 pandemic.

## ANALYSIS

### I. DIRECT APPEAL

A.     Request for an Exceptional Sentence Below the Standard Range

Williams contends that the trial court abused its discretion by failing to adequately consider whether his youth was a mitigating factor that supported an exceptional sentence below the standard range. The State questions whether Williams made a valid request for an exceptional sentence since he did so only in a pro se motion and his counsel recommended a sentence at the low end of the standard range. Alternatively, the State maintains the trial court properly exercised its discretion by considering Williams's request for an exceptional downward sentence and

choosing to adopt defense counsel's recommendation for a sentence at the low end of the standard range.

Under the Sentencing Reform Act of 1981, a standard range sentence generally "shall not be appealed." RCW 9.94A.585(1). Nonetheless, a defendant may "'challenge the underlying legal conclusions'" supporting a sentence. *State v. Mandefero*, 14 Wn. App. 2d 825, 833, 473 P.3d 1239 (2020) (quoting *State v. Williams*, 149 Wn.2d 143, 147, 65 P.3d 1214 (2003)). "While no defendant is entitled to an exceptional sentence below the standard range, every defendant *is* entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). And "a defendant's youthfulness can support an exceptional sentence below the standard range." *State v. O'Dell*, 183 Wn.2d 680, 698-99, 358 P.3d 359 (2015).

However, a trial court can properly decline to consider a pro se motion from a defendant when that defendant is represented by competent counsel. *In re Pers. Restraint of Quinn*, 154 Wn. App. 816, 841, 226 P.3d 208 (2010). "There is . . . no . . . right to 'hybrid representation,' whereby a defendant serves as cocounsel with his attorney." *State v. Bebb*, 108 Wn.2d 515, 524, 740 P.2d 829 (1987). Although RCW 9.94A.500(1) gives a defendant the right to make a statement at a sentencing hearing, this does not limit the trial court's discretion to decline to consider or deny a pro se motion or argument made by a represented defendant. *See Quinn*, 154 Wn. App. at 841.

Williams was represented by counsel throughout the resentencing process, and his counsel requested a sentence at the low end of the standard range. Defense counsel's recommendation for a standard range sentence appeared to reflect a negotiated agreement that both parties would recommend a standard range sentence. In exchange for Williams's guilty plea, the State

significantly reduced its charges, and both the State and defense counsel recommended standard range sentences at his initial sentencing and again when he was resentenced. At the resentencing hearing, Williams's counsel specifically urged the trial court to impose a low-end standard range sentence because Williams "was only 19 at the time of this offense." 4 VRP at 8. In the absence of a request to proceed pro se, no valid request for an exceptional downward sentence occurred and the trial court therefore acted within its discretion when it imposed a standard range sentence.

The trial court did not abuse its discretion by not expressly addressing an exceptional downward sentence based on youthfulness where defense counsel asked for a standard range sentence. Nothing required the trial court to consider an exceptional mitigated sentence in this case where an exceptional sentence was not properly requested. *See O'Dell*, 183 Wn.2d at 695 ("age is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence").

Williams raises identical arguments for resentencing in his statement of additional grounds for review, which we reject for the same reasons.

We decline to remand for resentencing on this basis.

B.     Impact of *Blake*

Williams also filed a supplemental brief asking us to remand to vacate a 2014 conviction for simple possession of a controlled substance under *Blake*, 197 Wn.2d at 173. The State responds that Williams's prior conviction for simple possession was not included in Williams's offender score, and Williams must separately petition the superior court to vacate the possession conviction.

Williams's simple possession conviction was a juvenile misdemeanor conviction for possession of less than 40 grams of marijuana. The State is correct that it was not included in his

offender score, so remand is not necessary in this case. Williams may separately petition the superior court to vacate his possession conviction, however.

We affirm Williams's sentence.

## II. PRP

Williams acknowledges he filed this PRP more than a year after his judgment and sentence became final, but he asserts it is exempt from the time bar because he filed it in May 2020, when Governor Inslee's Proclamation 20-47 temporarily suspended RCW 10.73.090's one-year time bar in response to the state of emergency caused by the COVID-19 pandemic. Williams claims the incorrect offender score made his guilty plea involuntary.

Under RCW 10.73.090(1), a PRP is time barred if "filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." In *In re Personal Restraint of Blanks*, we rejected an identical argument that Proclamation 20-47 allowed a petitioner to timely file a PRP that was time barred when Governor Inslee issued the proclamation. 14 Wn. App. 2d 559, 560-61, 471 P.3d 272 (2020). We reasoned that "the Proclamation preserved existing rights and did not revive expired claims." *Id.* Division Three reached the same conclusion in *In re Personal Restraint of Millspaugh*, 14 Wn. App. 2d 137, 141, 469 P.3d 336 (2020).

Here, as in *Blanks* and *Millspaugh*, Williams's judgment and sentence became final in 2017, so his PRP was already time barred when Governor Inslee issued the proclamation in May 2020. The temporary suspension of the time bar did not resurrect Williams's untimely claim.

Nor is Williams's PRP otherwise exempt from the time bar under RCW 10.73.090(1). "[A]n allegedly involuntary plea is not an error of facial invalidity and cannot be raised on an

untimely petition absent a RCW 10.73.100 exception." *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 770, 297 P.3d 51 (2013). And an allegedly involuntary guilty plea does not deprive a trial court of personal or subject matter jurisdiction *See Boudreaux v. Weyerhaeuser Co.*, 10 Wn. App. 2d 289, 295, 448 P.3d 121 (2019) ("'Subject matter jurisdiction' refers to a court's ability to entertain a type of case, not to its authority to enter an order in a particular case" (internal quotation marks omitted) (quoting *In re Marriage of Buecking*, 179 Wn.2d 438, 448, 316 P.3d 999 (2013))). Further, Williams does not raise any of the six grounds under RCW 10.73.100 to argue that the time bar in RCW 10.73.090 does not apply.

We dismiss Williams's PRP as time barred under RCW 10.73.090.

## CONCLUSION

We affirm Williams's standard range sentence and dismiss his PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Cruser, J.

Veljacic, J.

9