IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

    v.

TRISTEN NARAYAN FLORENCE,

                Appellant.

No. 84048-7-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — Tristen Narayan Florence pled guilty to vehicular homicide. The sentencing court considered numerous factors before imposing a sentence within the standard range. Florence, who was 21 years old when he committed the offense, argues that the sentencing court failed to adequately consider his request for an exceptional mitigated sentence based on his youthfulness and brain development at the time of the offense. Because the court recognized it had discretion and exercised its discretion, we affirm.

FACTS

On June 28, 2018, Florence drove northbound on Interstate 5 in Whatcom County with 18-year-old Makyla Carpenter in the front passenger seat. Witnesses described the driving as erratic and in excess of 100 miles per hour before the vehicle

Citations and pincites are based on the Westlaw online version of the cited material.

lost control and crashed, killing Carpenter.  Florence pleaded guilty to vehicular homicide for "[driving] my car while above a 0.08 blood alcohol concentration, and my driving proximately caused injury to my passenger, Makyla Carpenter, who died soon thereafter on the same date, and her death proximately resulted from the injury I caused." Florence was 21 years old at the time of the offense.

At the sentencing hearing, the State requested 114 months, the high end of the standard range, while Florence requested an exceptional sentence below the standard range of 48 months.

The State argued that the "egregious nature of the conduct here, combined with the enormous impact that it has had on those around Ms. Carpenter and the distinct loss of her life calls for the maximum sentence allowable under law here of 114 months."  The State contended that Florence's history (including repeated contact with the juvenile criminal system and subsequent efforts to alter the trajectory of his life) showed a capacity for mature decision-making, and that the defense had not introduced a basis of evidence specific to Florence to support the request for an exceptional downward sentence.

Counsel for Florence asked "the court to see him and any 21 year old as having still developing brains.  I've asked the court to see him also as youthful as a result of that."  Material submitted by a behavioral specialist documented Florence's upbringing as being chaotic and transient, with emotional and physical abuse, incarceration, substance dependencies, and mental health issues in his immediate family.  As a result of these pressures, Florence "spent most of his youth in and out of the criminal justice system."  Florence contended that this upbringing ultimately led to him "lack[ing] the

ability to see the future and the consequences of [his] actions." Florence requested that the court "follow the brain science and not just the cases that have come before this case and recognize that 21 is within the brain science law."

The court stated it's view that "there is sufficient breadth under the statute for this court to consider Mr. Florence's age at the time of the offense, although, whether the court relies on age as a basis for granting an exceptional sentence below the standard range remains within the court's discretion." The judge observed further that

> The defense's sentencing brief relies on an extensive study by the United States Sentencing Commission which notes that the commission viewed youthful offenders as persons under the age of 25 based on statistical scientific evidence that persons may not reach full reasoning skills and abilities until they reach 25 on average. At the time the offense was committed, Mr. Florence was 21 years old.

> The sentencing brief also included a behavioral health survey . . . This is the only personalized evaluation of Mr. Florence that this court received and I reviewed it thoroughly. I must note that the report does not mention youthfulness as an issue regarding Mr. Florence's commission of the crime. While this court may take youthfulness into consideration, it is my view that the statistical information contained in the United States Sentencing Commission's report needs to be linked directly to objective observations or qualities of an individual as opposed to simply relying on a person's age as a sole determining factor . . . I also have to consider the age of the victim, Makyla Carpenter . . . I also have to take into consideration that very dangerous manner in which Mr. Florence was driving that day . . .

The sentencing judge concluded that "[b]ecause Mr. Florence took responsibility by pleading guilty and waiving his constitutional right to a jury trial, I do not think it would be just to impose the top of the standard range. But neither do I believe justice would be served by imposing a sentence outside the standard range." The court imposed a sentence of 96 months followed by 18 months of community custody.

DISCUSSION

Florence argues that the sentencing court abused its discretion when it refused to grant his request for an exceptional sentence below the standard range. This assertion is based on two possible avenues: either that the sentencing court erred because youthfulness on the part of Florence *required* the court to impose a sentence below the standard range, or that the court incorrectly *believed* itself unable to consider youth as a possible mitigating factor. We disagree with both arguments.

"As a general rule, the length of a criminal sentence imposed by a superior court is not subject to appellate review, so long as the punishment falls within the correct standard sentencing range established by the Sentencing Reform Act of 1981, chapter 9.94A RCW." State v. Williams, 149 Wn.2d 143, 146, 65 P.3d 143 (2003). "The court may impose a sentence outside the standard sentence range for an offense if it finds . . . that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. When a defendant appeals a discretionary sentence within the standard range, our review is limited to those "circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range." State v. McFarland, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017) (adopting the language of State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997)). Florence's appeal raises an argument of both impermissible basis and refusal to exercise discretion, and so we address each in turn.

Florence argues that his relative youthfulness necessitates a downward sentence due to the holding in State v. Houston-Sconiers, and that the sentencing court relied on

an impermissible basis for refusing to impose the exceptional sentence when it suggested that there was no connection drawn between the U.S. Sentencing Commission report on youthful offenders and Florence's personal characteristics. 188 Wn.2d 1, 391 P.3d 409 (2017). This argument is unavailing because it misunderstands Houston-Sconiers and mischaracterizes the plainly-stated logic of the sentencing judge's findings.

The sentencing court was under no obligation to give weight to Florence's youth as a mitigating factor.

> When sentencing an adult defendant . . . courts are merely "*allowed* to consider youth as a mitigating factor." O'Dell does not compel a trial court to do so, however. Therefore, [defendant's] assertion that O'Dell and Houston-Sconiers required the trial court to consider the mitigating qualities of youth at his sentencing is without merit.

State v. Nevarez, 24 Wn. App. 2d 56, 61, 519 P.3d 252 (2022) (citation omitted) (quoting O'Dell, 183 Wn.2d at 696), review denied, 1 Wn.3d 1005, 526 P.3d 854 (2023). Unlike Florence, the defendants in Houston-Sconiers were juveniles in the adult criminal system, and moreover the holding of that case merely emphasized that sentencing courts have "complete discretion to consider mitigating circumstances associated with the youth of any juvenile defendant" which overrides any statutory construction that might be interpreted to improperly limit that discretion. 188 Wn.2d at 21. "Presently, in Washington, the oldest offenders able to rely on protections from punishment that are cruel as applied to youth are 18 to 20 year olds." State v. Wright, 19 Wn. App. 2d 37, 46-47, 493 P.3d 1220 (2021) (citing In re Pers. Restraint of Monschke, 197 Wn.2d 305, 329, 482 P.3d 276 (2021)).

Florence next contends that the sentencing court "refuse[d] to exercise discretion

at sentencing because it erroneously believe[d] it lacks the authority to impose the requested sentence." A refusal to exercise discretion exists where the court "refuses categorically to impose an exceptional sentence below the standard range under any circumstances." Garcia-Martinez, 88 Wn. App. at 330. "While no defendant is entitled to an exceptional sentence below the standard range, every defendant *is* entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). A court may consider whether youth impaired the defendant's capacity to "appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law" and may consider this mitigating factor to justify an exceptional sentence even when the defendant is a legal adult. RCW 9.94A.535(1)(e); O'Dell, 183 Wn.2d at 689. An erroneous belief by the sentencing court that it is limited to a standard range sentence *would* be grounds for consideration on review, as the appellant notes from Washington case history. McFarland, 189 Wn.2d at 56; State v. McGill, 112 Wn. App. 95, 99-100, 47 P.3d 173 (2002); Garcia-Martinez, 88 Wn. App. at 330. But that is not the case here.

The sentencing judge stated: "It is my view that there is sufficient breadth under the statute for this court to consider Mr. Florence's age at the time of the offense, although, whether the court relies on age as a basis for granting an exceptional sentence below the standard range *remains within the court's discretion*." (Emphasis added.) This is an accurate statement of law that reflects the court's recognition that it was neither constrained to the standard sentence range nor obligated to grant an exceptional sentence below that range. The sentencing judge considered the U.S.

Sentencing Commission study and behavioral health survey that were provided by the defendant, weighed this evidence against other facts in the case like the age of the victim and the nature of the offense, and ultimately concluded that they did not justify an exceptional reduced sentence. This is the classic meaning of discretion: "a trial court that has considered the facts and has concluded that there is no basis for an exceptional sentence has exercised its discretion, and the defendant may not appeal that ruling." Garcia-Martinez, 88 Wn. App. at 330.

## CONCLUSION

The sentencing court exercised its discretion by considering the facts and concluding that no basis for an exceptional sentence existed. We affirm the sentence imposed.

_Coburn, J._

WE CONCUR:

_Bowman, J_          _Mann, J._